John DOE, Appellant,

v.

James P. BOYLE, District Director of Internal Revenue Service, and Johnnie M. Walters, Commissioner of Internal Revenue, Appellees.

No. 73–2218.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1974.

Decided April 3, 1974.

A. Andrew Giangreco, Alexandria, Va. (Giangreco, Seay & Manuel, Alexandria, Va., on brief), for appellant.

Michael J. Roach, Atty., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, William A. Friedlander, Atty., U. S. Dept. of Justice, Brian P. Gettings, U. S. Atty., and David G. Lowe, Asst. U. S. Atty., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and RUSSELL and FIELD, Circuit Judges.

HAYNSWORTH, Chief Judge:

Appellant, appearing anonymously as John Doe, has failed to file his 1970 and 1971 income tax returns. He states that he is now prepared to file those returns, but has not done so because he fears that the Internal Revenue Service will use his late-filed returns as evidence in an action against him for failure to make a timely return, 26 U.S.C. § 7203. He seeks to enjoin the Internal Revenue Service from using those returns, if and when he files, in any criminal proceeding against him. The district court held that appellant had no right to proceed anonymously and therefore granted the Government's motion to dismiss. We affirm.

■ Jurisdiction was predicated upon 28 U.S.C. § 1343(3). This is not a proper basis for jurisdiction against federal officials, Lynch v. Household Finance Corp., 405 U.S. 538, 547, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). Jurisdiction lies, if at all, under 28 U.S.C. § 1331. However, appellant will not be allowed to amend his complaint to allege the requisite amount-in-controversy because he is not entitled to relief in any case.

Appellant alleges that he is now under investigation by the Internal Revenue Service.[1] He contends that the use of

---

1. The Government does not contest this allegation. It is conceded, and will be assumed for the purposes of this appeal, that criminal charges will be filed against the appellant.

late-filed returns, which he is still compelled to file under 26 U.S.C. § 6012, would involve the admission of a crucial element of the crime with which he expects he will be charged, and that compulsory filing would violate his fifth amendment privilege against self-incrimination. In concert to that argument, he suggests that were he to prosecute this action in his own name, the complaint could also be used later as an admission of failure to file timely returns. To require a person to identify himself in his pleadings as a precondition to vindicating his constitutional rights is, in effect, compelling him to testify against himself.[2]

While the characterization of a complaint as "compelled testimony" does not have a familiar ring, there may be merit in appellant's contention that, when an action is initiated to protect a constitutionally guaranteed right against self-incrimination, the judicial papers and proceedings in that action could be considered "compelled testimony" to the extent that the Government seeks to introduce them in a subsequent criminal prosecution. Using a similar approach, the Supreme Court has held that testimony taken at an evidentiary hearing on a motion to suppress is inadmissible at the trial-in-chief. Simmons v. United States, 390 U.S. 377, 389–394, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

We need not reach these interesting questions, however. Appellant has not urged that he has a constitutional right not to file his return.[3] Rather his sole contention is that his unfiled returns, if filed, cannot be used as evidence against him. This action is, in effect, a motion to suppress in anticipation of indictment. It is therefore premature.

In the event of any subsequent criminal prosecution, the taxpayer may then assert what fifth amendment rights, if any, he may have against the prosecution's use of any return he may have filed.

Affirmed.

---

2. Appellant is not seeking to proceed as John Doe in order to keep his identity unknown to the Internal Revenue Service. It was stated at oral argument that the Internal Revenue Service is aware of appellant's identity.

3. There is no such right, California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971), United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). In any case, it would clearly turn the law on its head to say that a right to refuse to file one's income tax returns arises in order to avoid or defend a criminal prosecution for failure to file.