**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alan Herbert ABRAHAMS, a/k/a James A. Carr, Defendant-Appellant.**

No. 78–5687.

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1979.

Anthony M. Cardinale, F. Lee Bailey, Kenneth J. Fishman, Boston, Mass., for defendant-appellant.

LeRoy M. Jahn, Wayne C. Speck, Asst. U. S. Attys., San Antonio, Tex., Michael Collora, Robert B. Collings, Asst. U. S. Attys., Boston, Mass., for the U. S.

Before TJOFLAT and VANCE, Circuit Judges, and ALLGOOD, District Judge.*

ALLGOOD, District Judge:

The defendant, Alan Herbert Abrahams, was convicted after a bench trial of the charges contained in a one-count indictment charging the defendant with a violation of 18 U.S.C. § 1001.[1] Following the conviction of the defendant, he was sentenced by the District Court to the custody of the Attorney General for a period of forty months, said sentence to be served concurrently with two other Federal sentences the defendant was serving at the time sentence was imposed.

For reversal, the defendant makes the following contentions: (1) the defendant's motion to dismiss and for judgment of acquittal should have been granted as 18 U.S.C. § 1001 is inapplicable to a judicial proceeding such as a bail hearing; (2) the defendant's motion for judgment of acquittal should have been granted because the alleged false statements fell within the "exculpatory no" exception to 18 U.S.C. § 1001; (3) the defendant's motion for judgment of acquittal should have been granted because the alleged false statements were not material; and (4) the defendant's motion to suppress statements before the Magistrate should have been granted because said statements were made in violation of defendant's Fifth Amendment rights.

The issues raised in this case present matters of first impression in this Circuit and with regard to the precise factual and legal issues involved, appear to be issues of first impression in the Federal Judicial System.

For the purposes of this appeal, only two issues need be discussed in detail. These issues are restated in the following language: Is a hearing for the purpose of setting bail before a U.S. Magistrate a judicial proceeding as opposed to an administrative or "housekeeping" proceeding? Can a false statement made by a defendant in a judicial proceeding be a basis for a prosecution brought pursuant to 18 U.S.C. § 1001?

If a defendant in response to a question addressed to him by a U.S. Magistrate in a bail proceeding merely answers "No", does such a response, if false, fall within the "exculpatory no" exception to criminal liability pursuant to 18 U.S.C. § 1001?

The answers to the foregoing questions are obscure to say the least. The learned District Judge who tried this case and found the defendant guilty was troubled with respect to these two questions. The proceedings below contain several references by the trial judge indicating his doubt as to how these questions should be answered and suggesting that the final answer would have to come from an appellate court and possibly the Supreme Court of the United States.

After careful consideration of these two issues, we are convinced that the questions posed above must be answered in the affirmative and therefore the conviction of the defendant reversed.

FACTUAL BACKGROUND

In January of 1978, the defendant was residing in Marble Head, Massachusetts. On January 10, 1978, the defendant was arrested at his home by United States Mar-

* District Judge of the Northern District of Alabama, sitting by designation.

1. Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

shals. The basis for the arrest was an arrest warrant for James Carr for criminal contempt, the aforesaid warrant having been issued by the United States District Court for the Western District of Michigan. Following his arrest the defendant was taken to the Office of the United States Marshal in Boston, Massachusetts. On the afternoon of January 10, 1978, the defendant and two co-defendants were taken before a United States Magistrate. The defendant appeared before the Magistrate represented by counsel. The Magistrate determined that the defendant's appearance was for two purposes—first, to determine whether the defendant should be removed to the Western District of Michigan to answer the charges of criminal contempt pending in that court pursuant to Rule 40, Federal Rules of Criminal Procedure.[2] Secondly,

**2. Rule 40. Commitment to Another District; Removal.**

(a) *Arrest in Nearby District.* If a person is arrested on a warrant issued upon a complaint in a district other than the district of the arrest but in the same state, or on a warrant issued upon a complaint in another state but at a place less than 100 miles from the place of arrest, or without a warrant for an offense committed in another district in the same state or in another state but at a place less than 100 miles from the place of the arrest, he shall be taken without unnecessary delay before the nearest available federal magistrate; preliminary proceedings shall be conducted in accordance with Rules 5 and 5.1; and if held to answer, he shall be held to answer to the district court for the district in which the prosecution is pending, or if the arrest was without a warrant, for the district in which the offense was committed. If such an arrest is made on a warrant issued on an indictment or information, the person arrested shall be taken before the district court in which the prosecution is pending or, for the purpose of admission to bail, before a federal magistrate in the district of the arrest in accordance with provisions of Rule 9(c)(1).

(b) *Arrest in Distant District.*

(1) *Appearance before Federal Magistrate.* If a person is arrested upon a warrant issued in another state at a place 100 miles or more from the place of arrest, or without a warrant for an offense committed in another state at a place 100 miles or more from the place of arrest, he shall be taken without unnecessary delay before the nearest available federal magistrate in the district in which the arrest was made.

(2) *Statement by Federal Magistrate.* The federal magistrate shall inform the defendant of the rights specified in Rule 5(c), of his right to have a hearing or to waive a hearing by signing a waiver before the federal magistrate, of the provisions of Rule 20, and shall authorize his release under the terms provided for by these rules and by 18 U.S.C. § 3146 and § 3148.

(3) *Hearing; Warrant of Removal or Discharge.* The defendant shall not be called upon to plead. If the defendant waives hearing, a judge of the United States shall issue a warrant of removal to the district where the prosecution is pending. If the defendant does not waive hearing, the federal magistrate shall hear the evidence. At the hearing the defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If a United States magistrate hears the evidence he shall report his findings and recommendations to a judge of the United States. If it appears from the United States magistrate's report or from the evidenced adduced before the judge of the United States that sufficient ground has been shown for ordering the removal of the defendant, the judge shall issue a warrant of removal to the district where the prosecution is pending. Otherwise he shall discharge the defendant. There is "sufficient grounds" for ordering removal under the following circumstances:

(A) If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment.

(B) If the prosecution is by information or complaint, a warrant of removal shall issue upon the production of a certified copy of the information or complaint and upon proof that there is probable cause to believe that the defendant is guilty of the offense charged.

(C) If a person is arrested without a warrant, the hearing may be continued for a reasonable time, upon a showing of probable cause to believe that he is guilty of the offense charged; but he may not be removed as herein provided unless a warrant issued in the district in which the offense is alleged to have been committed is presented.

(4) *Bail.* If a warrant of removal is issued, the defendant shall be admitted to bail for appearance in the district in which the prosecution is pending under the terms provided for by these rules and by 18 U.S.C. § 3146 and § 3148. After a defendant is held for removal or is discharged, the papers in the proceeding and any bail taken shall be transmitted to the clerk of the district court in which the prosecution is pending.

(5) *Authority of United States Magistrate.* When authorized by a rule of the district court, adopted in accordance with 28 U.S.C.

the Magistrate determined that the defendant should have a hearing with respect to bail. Without delineating the scope of the Rule 40 hearing, the Magistrate scheduled a hearing to be held ten days from the date of arrest and proceeded to consider the matter of bail. The Magistrate's interrogation of the defendant regarding the bail issue was introduced by the following statement made by the Magistrate: "James Carr, I have to ask you some questions relative to bail." Prior to addressing questions to defendant regarding the setting of bail, the Magistrate did not give the defendant the advice required by Rule 5(c), Federal Rules of Criminal Procedure.[3] The interrogation of the defendant by the Magistrate was as follows:

THE COURT: What is your middle initial, Mr. Carr?

THE DEFENDANT: A.

THE COURT: And your address, please.

THE DEFENDANT: 201 Ocean Avenue, Marble Head.

THE COURT: Your age, sir.

THE DEFENDANT: 45, Your Honor.

THE COURT: Where were you born?

THE DEFENDANT: Chicago.

THE COURT: Are you married?

THE DEFENDANT: Yes.

THE COURT: Do you have children?

THE DEFENDANT: Yes.

THE COURT: Do you have any type of military service?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Which?

THE DEFENDANT: The Navy.

THE COURT: When were you discharged? Just the year.

THE DEFENDANT: 1952.

THE COURT: Where are you employed?

THE DEFENDANT: Lloyd, Carr & Company

THE COURT: How long have you been employed there?

THE DEFENDANT: About a year and eight or nine months, Your Honor.

THE COURT: And what do you do there?

THE DEFENDANT: I am President.

THE COURT: Do you have any history of alcoholism, drug addiction or mental disorders?

THE DEFENDANT: I do not, Your Honor.

THE COURT: Have you been previously arrested or convicted of a crime?

THE DEFENDANT: No, Your Honor.

At this point in the colloquy, the Magistrate was interrupted by an Assistant United States Attorney who stated as follows: "I wonder if the Court might ask a couple of other questions then I'll give my reason, if necessary. Has Mr. Carr used any other name in the past other than James A. Carr which I understand his name to be at the present? Secondly, where was he employed prior to Lloyd, Carr, since the period of employment there was fairly brief, if the Court would not mind inquiring of Mr. Carr." After posing other questions not here pertinent, the Magistrate, following the request of the Assistant United States Attorney, posed the following question to the defendant and received the following response:

THE COURT: Have you used any other names?

THE DEFENDANT: No.

---

§ 636(b), a United States magistrate may issue a warrant of removal under subdivision (b)(3) of this rule.

**3.** *Offenses Not Triable by the United States Magistrate.* If the charge against the defendant is not triable by the United States Magistrate, the defendant shall not be called upon to plead. The magistrate shall inform the defendant of the complaint against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and of the general circumstances under which he may secure pretrial release. He shall inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall also inform the defendant of his right to a preliminary examination. He shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided by statute or in these rules.

Following this colloquy and after further remarks by the Assistant United States Attorney, the Magistrate elected to set bail for the defendant in the amount of $100,000 cash or surety. Bail in this amount had been recommended by the United States District Court for the Western District of Michigan in connection with a warrant issued by that Court charging the defendant with criminal contempt. The Magistrate set bail in accordance with the directive received from the United States District Court for the Western District of Michigan. The only alteration in bail as prescribed by the United States District Court, Western District of Michigan, was to permit the defendant to post $50,000 bail immediately and to post the balance of bail a few days following the bail proceeding.

It was later determined that the true name of the defendant who had been arrested in a warrant for the arrest of James Carr was Alan Herbert Abrahams and that the defendant Abrahams had numerous prior convictions.

A one-count indictment was returned by a grand jury for the United States District Court, District of Massachusetts, in the following language:

> On or about January 10, 1978, at Boston, in the District of Massachusetts, ALAN HERBERT ABRAHAMS, a/k/a James A. Carr, did unlawfully, knowingly, and willfully make a false, fictitious and fraudulent statement and representation as to material facts in a matter within the jurisdiction of the United States District Court for the District of Massachusetts, in that, on that date, having been arrested pursuant to a writ of arrest issued by the United States District Court for the Western District of Michigan, said ALAN HERBERT ABRAHAMS, a/k/a James A. Carr, appeared before United States Magistrate Rudolph F. Pierce, and during that appearance, represented to the Court that: (1) his

true name was James A. Carr, (2) that he had never used any other name, (3) that his date of birth was October 24, 1932 in Chicago, Illinois, and (4) that he had never been arrested or convicted of a crime, whereas in truth and fact, as he then knew, his true name was ALAN HERBERT ABRAHAMS, that he had used numerous other aliases, including Alan Abrams, Alan Albert Layne, Alan Bradford, Alan Wayne, and Herbert Alexander, that he was born on September 24, 1925 in New York, New York, and that he had been arrested in Santa Monica, California, Howell, New Jersey, Matawan, New Jersey, and New York, New York, and has been convicted of a violation of interstate transportation of a forged check, a violation of 18 U.S.C. [§] 2314 in the Southern District of New York (Criminal No. 70–774) on July 6, 1971; in violation of Title 18, United States Code, Section 1001.[4]

As indicated hereinabove the one-count indictment contained four specific allegations of a false statement made by the defendant. At the conclusion of the trial the court found the defendant not guilty of "paragraph one" nor "paragraph three." These specifications of the indictment relate to the following: (1) The defendant was accused of giving his true name as James A. Carr, and (3) that his date of birth was October 24, 1932. The defendant was found not guilty as to these specifications based on absence of materiality. The defendant was convicted with respect to specification number two in the indictment, wherein it was charged that the defendant stated falsely that he had never used any other name, and with respect to specification four, wherein it was charged that the defendant falsely stated he had never been arrested or convicted of a crime.

During the trial of the case in the court below, the defendant made a motion for

---

**4.** In the proceedings below, no issue was made as to whether the indictment returned against this defendant was duplicitous in that four separate statements allegedly false are included in a single-count indictment. If 18 U.S.C. § 1001 applies in this type of proceeding, a single false statement would be a basis for a charge pursuant to 18 U.S.C. § 1001. The possible issue of duplicity was not raised in the court below and is therefore not before this court.

judgment of acquittal at the close of the Government's case and made a motion for judgment of acquittal at the close of all the evidence.

It was established during the trial proceedings in the court below that in 1974, the defendant was confined in a New Jersey prison farm, having been convicted under his true name of Alan Herbert Abrahams. The defendant was convicted of aiding and abetting in the issuance of a worthless check. While his conviction was pending on appeal, the defendant escaped from a New Jersey prison farm where he was serving his sentence. At the time the defendant appeared before the Magistrate in Boston, Massachusetts, on January 10, 1978, the defendant was a fugitive from the State of New Jersey and was in an escape status at that time. The apprehension of the defendant, Alan Herbert Abrahams, would have subjected him to immediate return to New Jersey prison authorities to complete service of his sentence.

## APPLYING THE FACTS TO THE LAW

The first issue we would like to address is whether or not a false statement made in a judicial proceeding is a proper basis for a prosecution pursuant to 18 U.S.C. § 1001 and whether a proceeding before a United States Magistrate in connection with a Rule 40 removal hearing and a setting of bail is a judicial proceeding.

Title 18, U.S.C. § 1001 applies to a material falsification made willfully "in any matter made within the jurisdiction of any department or agency of the United States." In the past there has been some controversy as to whether the language "any department or agency of the United States" applied to anything other than executive departments or agencies of the United States. This dispute has been laid to rest by the Supreme Court. In a prosecution involving a former member of Congress, who had been charged under 18 U.S.C. § 1001 with making a false representation to the disbursing office of the House of Representatives, the Supreme Court held that the statute proscribing false state-

ments in any matter within the jurisdiction of any department or agency of the United States applied to the submission of a false and fraudulent statement to the disbursing office of the House of Representatives. The Court said: "The development, scope and purpose of the section shows that 'department', as used in this context, was meant to describe the executive, legislative, and judicial branches of the Government." *United States v. Bramblett*, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955).

It is firmly stated that in an appropriate case 18 U.S.C. § 1001 is applicable to the judicial branch of the Government as well as executive and legislative branches. The more serious question which we will address is whether a false statement as that term is defined in 18 U.S.C. § 1001 applies when it is alleged that the false statement was made in a judicial proceeding.

The Court of Appeals for the Sixth Circuit faced this question in *United States v. Erhardt*, 381 F.2d 173 (6th Cir. 1967). Erhardt had been convicted of an indictment charging him with violation of 18 U.S.C. § 1001 after Erhardt had been acquitted in a criminal trial in which he was charged with possession of stolen Government property. After the acquittal, Erhardt was prosecuted under 18 U.S.C. § 1001 based upon an allegation that he testified falsely in the earlier trial and that a purported receipt introduced in evidence in the earlier trial was a forgery. The Court of Appeals for the Sixth Circuit said:

We hold that appellant's conviction under § 1001 must be reversed, however, because § 1001 does not apply to the introduction of false documents as evidence in a criminal proceeding. The Supreme Court in *Bramblett v. United States* [*United States v. Bramblett*], 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955), held that § 1001 was meant to apply to all three branches of the government, executive, legislative and judicial, but we agree with the following interpretation of the Court of Appeals for the District of Columbia Circuit: "We are certain that neither Congress nor the Supreme Court in-

tended the statute to include traditional trial tactics within the statutory terms 'conceals or covers up.' We hold only, on the authority of the Supreme Court construction, that the statute does apply to the type of action * * * which essentially involved the 'administrative' or 'housekeeping' functions, not the 'judicial' machinery of the Court. *Morgan v. United States*, 114 U.S.App.D.C. 13, 309 F.2d 234 (1962), cert. denied, 373 U.S. 917, 83 S.Ct. 1306, 10 L.Ed.2d 416."

*United States v. Erhardt, supra*, at p. 175. See in this connection *United States v. D'Amato*, 507 F.2d 26 (2d Cir. 1974); *United States v. Allen*, 193 F.Supp. 954 (S.C.Cal. 1961).[5]

■ We adopt the position of the Sixth Circuit in *Erhardt, supra*, and of the District of Columbia Circuit in *Morgan, supra*, that 18 U.S.C. § 1001 is not a proper basis for charging a defendant with making a false statement in a judicial proceeding. The next question that presents itself is whether the combination bail hearing and Rule 40 removal hearing conducted by the Magistrate with respect to this defendant was a judicial proceeding.

■ The removal of a defendant from the district of his arrest to the district where proceedings are pending is governed by Rule 40, Federal Rules of Criminal Procedure. Rule 40(b)(5) was amended in 1972 to provide as follows: "When authorized by a rule of the District Court, adopted in accordance with 28 U.S.C. 636(b), a United States Magistrate may issue a warrant of removal under Subdivision (b)(3) of this rule." The decision is inescapable that removal proceedings which require a determination by a judicial officer of the identity of the defendant and probable cause to believe that the offense charged has been committed and committed by the defendant

is a judicial proceeding. Only a judicial officer can issue a removal warrant. Prior to 1972 this warrant could only be issued by a United States District Judge. Since 1972 a removal warrant could be issued by a Magistrate specially designated by local court rule. There seems to be little argument that a removal proceeding conducted pursuant to Rule 40 is a judicial proceeding.

■ Similarly, we hold that a bail hearing is a judicial proceeding. The right to be free of excessive bail appears explicitly in the Bill of Rights. The right to be free from excessive bail underlies the entire structure of the constitutional rights enumerated in the Bill of Rights. "This traditional right to freedom before conviction permits the unhampered preparation of the defense and serves to prevent the infliction of punishment prior to conviction." *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). The right to bail and the right to be free from excessive bail in accordance with the Eighth Amendment to the Constitution is implemented by Rule 46 of the Federal Rules of Criminal Procedure and by 18 U.S.C. § 3146. Bail may be set only by a judicial officer. The determination of bail requires a judicial decision of which conditions of release will reasonably assure the appearance of a defendant.

The responsibility of a Magistrate in the conduct of a bail hearing has been referred to as follows: " . . . a Magistrate in a bail hearing must make an extremely difficult, almost Solomonic type of decision." *United States v. Dohm*, 597 F.2d 535 (5th Cir. 1979) (dissenting opinion of Judge Goldberg).

■ We hold that the appearance of the defendant before the Magistrate for the purpose of a Rule 40 removal hearing and for the purpose of a bail hearing was a judicial proceeding. During this judicial

5. The United States has urged upon us as support for its position, *United States v. Kahan*, 479 F.2d 290, 292 (2d Cir. 1973) (Footnote 3). Kahan was convicted of conspiracy, bribery and falsifying a VISA extension application. Kahan was also convicted of perjury before the grand jury. In a footnote to its opinion, the

Second Circuit said in part: "If there has been willful misrepresentation by defendant of his assets, proper remedy lies in prosecution for perjury or false statement . . . ." This is pure dictum and does not represent the holding of the court in *Kahan*.

proceeding the defendant was entitled to have his rights explained to him, that is to say, his right to remain silent and the fact that if he gave up his right to remain silent anything could be used against him. This explanation was not made to the defendant nor was the defendant placed under oath. The Supreme Court has held " . . . it [is] intolerable that one constitutional right should have to be surrendered in order to assert another." *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). See in this connection *United States v. Harrison,* 461 F.2d 1127 (5th Cir. 1972); *Pedrero v. Wainwright,* 590 F.2d 1383 (5th Cir. 1979); *Davis v. Wainwright,* 469 F.2d 1405 (5th Cir. 1972) affirming 342 F.Supp. 39 (M.D.Fla.1971); *United States v. Anderson,* 567 F.2d 839 (8th Cir. 1977); *United States v. Ellsworth,* 547 F.2d 1096 (9th Cir. 1977); *United States v. Cyphers,* 553 F.2d 1064 (7th Cir. 1977). See in this connection *Doe v. Boyle,* 494 F.2d 1279 (4th Cir. 1974).

In making a determination of whether 18 U.S.C. § 1001 is applicable to the facts in this case we must remember that this defendant was entitled to be advised by the Magistrate that he was not required to make a statement and that any statement made by him may be used against him. The Magistrate did not give the defendant this advice as required by Rule 5(c), Federal Rules of Criminal Procedure. The failure to give this advice is particularly significant in that at the time the defendant appeared before the Magistrate he was in an escape status from the State of New Jersey. If the defendant had acknowledged his true identity he would have thereby admitted a criminal act, that is, escape. The defendant was faced with the dilemma described by the Supreme Court in *Simmons, supra.* Also, it must be remembered that the defendant was not placed under oath before the Magistrate addressed the incriminating questions to him. If the defendant had been placed under oath, there would have been a clear basis for prosecution under the perjury statute. We have recently held " . . . an accused person is entitled to be warned that any statements he makes

can be used against him. If he is not so warned, under *Miranda,* any incriminating statements he makes may not be admitted to trial." *United States v. Dohm, supra.*

## THE EXCULPATORY NO

It has for many years been the law in this and other circuits that the so-called "exculpatory no" response to an interrogatory directed at a defendant or a suspect cannot be a basis for prosecution pursuant to 18 U.S.C. § 1001. *Paternostro v. United States,* 311 F.2d 298 (5th Cir. 1962) (negative answer given to Special Agents of the Internal Revenue Service); *United States v. Bedore,* 455 F.2d 1109 (9th Cir. 1972) (denial of identity to FBI Agents); *United States v. Philippe,* 173 F.Supp. 582 (S.D.N.Y.1959). In *Paternostro, supra,* this court analyzed the history and application of 18 U.S.C. § 1001 in situations where a defendant or a suspect in an interview not initiated by him makes no affirmative representations but merely replies in the negative to a question addressed to him. The holding of this court is summarized on page 305 of the opinion in the following language:

At most, assuming that appellant's answers to the agent were proved to be false by believable and substantial evidence, considering all he said, the answers were mere negative responses to questions propounded to him by an investigating agent during a question and answer conference, not initiated by the appellant. We conclude that the court erred in failing to dismiss Count One of the indictment.

In denying a petition for rehearing in *Paternostro,* we said (page 309):

It is our feeling that the "exculpatory no" answer without any affirmative, aggressive or overt misstatement on the part of the defendant does not come within the scope of the statute, 18 U.S.C. § 1001. Whether the Government agent to whom the answer is given be an agent of the F.B.I., a "policeman" or an Internal Revenue agent, is of little consequence. The same rule should apply to all "policemen" and therefore we cannot

approve one rule for one type of agent and another rule for an agent of another department of the same Government.

Under the facts and in the circumstances of this case, the Internal Revenue agent who initiated the interview was performing essentially the functions of a "policeman" or investigative agent for the Government. The statement attributed to the defendant *Paternostro* is unquestionably an "exculpatory no."

The continuing validity of *Paternostro* has been recognized by this court as recently as June, 1979, in *United States v. Dohm, supra.*

One of the questions addressed to this defendant by the Magistrate as to his former identity was responded to by a mere negative response. Under the doctrine of *Paternostro*, it appears immaterial that this question was addressed to the defendant by a Magistrate rather than an investigating agent. The second incriminating question was addressed to the defendant at the instance of the Assistant United States Attorney who was acting in an investigatory capacity. It is our holding that the mere negative response to these two questions by the defendant in a matter not initiated by him and which cannot be characterized as an affirmative misstatement of fact comes within the "exculpatory no" doctrine as that doctrine is defined in *Paternostro, supra.* For further analysis of the "exculpatory no" doctrine, see our decision in *United States v. Schnaiderman*, 568 F.2d 1208 (5th Cir. 1978).

■■ For the reasons discussed in the cases cited above, we hold that Congress never intended 18 U.S.C. § 1001 to apply to the factual situation in this case. Our decision in this regard is supported by the provisions of Rule 11(e)(6), Federal Rules of Criminal Procedure, which provides in pertinent part as follows:

However, evidence of a statement made in connection with, and relevant to, a plea of guilty later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or *false statement* if the statement was made by the defendant under oath, on the record and in the presence of counsel. (Emphasis added).

An appearance by defendant before a Magistrate in connection with a removal proceeding and a bail hearing is just as much a judicial proceeding as the appearance of a defendant before a district court for the purpose of entering a plea of guilty. If a defendant appearing before a district court in connection with a Rule 11 proceeding is accused of making a false statement, evidence of the false statement could not be used against such a defendant unless the statement were made under oath. As has been pointed out hereinabove, the defendant in the instant case was never placed under oath by the Magistrate. See in this connection Rule 410, Rules of Evidence.

In summary, we hold that the appearance of the defendant in this case before the Magistrate for the purpose of a bail-removal hearing was a judicial proceeding and that the false statements made by the defendant were not affirmative representations initiated by him but were merely negative answers to questions propounded to him by the Magistrate independently and at the suggestion of the United States Attorney. We further find that a truthful answer given by the defendant would have incriminated him of a criminal act. We hold that the "exculpatory no" doctrine renders inapplicable the provisions of 18 U.S.C. § 1001. The Government concedes that if Abrahams had been sworn by the Magistrate the crime of which he would be guilty is perjury. Because he was not sworn, it claims that 18 U.S.C. § 1001 was violated, which, ironically, carries a less onerous burden of proof and a greater punishment. The defendant was entitled to have his motion for judgment of acquittal granted.

This case must be and is reversed and remanded with directions to the District Court to enter a judgment of acquittal.

REVERSED AND REMANDED.