**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Betty Lou POWELL,**
**Defendant-Appellant.**

No. 82–1473.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1983.

Decided June 14, 1983.

Rehearing Denied Nov. 10, 1983.

Charles F. Gorder, Jr., Asst. U.S. Atty., argued, Peter K. Nunez, U.S. Atty., Charles F. Gorder, Jr., Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff-appellee.

Barry D. Utsinger, Utsinger & Williamson, San Diego, Cal., for defendant-appellant.

Before CHAMBERS, FLETCHER and NELSON, Circuit Judges.

CHAMBERS, Circuit Judge:

Betty Powell was indicted in a fifteen count indictment and acquitted of all charges except three counts (under 18 U.S.C. § 843(b) (1976)) of using a telephone to facilitate certain drug offenses, and one count (under 18 U.S.C. § 1001 (1976)) of giving a false statement to the magistrate in applying for leave to proceed in forma pauperis. She was given four concurrent four year sentences and she appeals.

Count 1, of which she was acquitted, charged a conspiracy between appellant and her husband and son and "divers other persons" to knowingly and intentionally possess cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (1976). Listed as three of the overt acts to support this conspiracy charge were telephone calls made by or to her on April 11, 1982 and on April 16, 1982. These same telephone calls are the subject of Counts 3, 4 and 5 respectively—the counts of which she was convicted.

Appellant argues, on appeal, that she is the victim of inconsistent verdicts. The government responds that there is no inconsistency because Counts 3, 4 and 5 charge use of a telephone to facilitate not only conspiracy to possess and distribute cocaine, but also use of the telephone to facilitate possession with the intent to distribute cocaine. The government argues that the jury determined that she was guilty of facilitating the possession by someone other than those persons implicated in the conspiracy charged in Count 1.

■ We have reviewed the record and we are not convinced that there is evidence to support the government's claim that "someone other than" the conspirators named in Count 1 had possession and that appellant's telephone calls facilitated that possession. Thus, on the facts of this case, we must reverse the convictions as to Counts 3, 4 and 5. *United States v. Bailey,* 607 F.2d 237, 245 (9th Cir.1979), cert. denied 445 U.S. 934, 100 S.Ct. 1327, 63 L.Ed.2d 769 (1980); *United States v. Hannah,* 584 F.2d 27, 28–30 (3rd Cir.1978) (cases holding that 21 U.S.C. § 843(b) convictions must be reversed when the conviction on the underlying conspiracy count is reversed).

■ Appellant also contends that her privately retained counsel was guilty of conflict of interest in representing both her son and herself, and that she was therefore denied effective assistance of counsel. The record demonstrates that the potential conflict was discussed in detail in open court. The district judge carefully informed appellant of her right to independent representation. He advised her that, if she insisted on retaining her attorney despite the dual-representation, it might affect the attorney's ability to cross-examine witnesses in appellant's behalf, and that the attorney would be prohibited from disclosing certain confidences. Despite repeated warnings and opportunities to obtain other counsel, Powell states that she understood her rights and wished to be represented by her attorney.

There is no doubt but that in a situation such as this, it would have been far prefera-

ble to have each defendant represented by separate counsel. But in the face of appellant's insistence on retaining her attorney, we must conclude that she waived the rights which she now claims were denied her. Perhaps more important, she has not sufficiently demonstrated prejudice. Her claims of prejudice are not persuasive and, in view of our reversal of the convictions on Counts 3, 4, and 5, she can claim no prejudice at all. Her conviction of Count 15 could not be affected by the claimed conflict of interest. We summarily reject appellant's claim that she did not otherwise receive the effective assistance of counsel. *See, e.g., United States v. Altamirano,* 633 F.2d 147, 150–53 (9th Cir.1980), *cert. denied,* 454 U.S. 839, 102 S.Ct. 145, 70 L.Ed.2d 120 (1981); *Cooper v. Fitzharris,* 586 F.2d 1325, 1327 (9th Cir.1978) (en banc), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

We turn then to Count 15, the charge of violation of 18 U.S.C. § 1001:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Powell was questioned by the magistrate about her claimed financial inability to obtain counsel. She responded to his questions by saying she had no more than $400 in bank accounts. This response was then entered on the Financial Statement (Criminal Justice Act Form 23) and appellant signed it, certifying the accuracy of what was entered on the form. Immediately under the space for her signature was a statement in very heavy bold face print saying:

> Warning: A false or dishonest answer to a question in this affidavit may be punishable by fine or imprisonment, or both.

It was subsequently shown that Powell had over $20,000 in a bank account at the time, and a month later she gave a power of attorney to a lawyer whom she retained to represent her—giving him access to the account.

Section 1001 is applicable to matters before the Judiciary. See *United States v. Bramblett,* 348 U.S. 503, 509, 75 S.Ct. 504, 508, 99 L.Ed. 594 (1955) (dictum). While some restrict its use in the judicial branch to "housekeeping" as opposed to "judicial" functions, see *United States v. Abrahams,* 604 F.2d 386, 392–93 (5th Cir.1979), we are not persuaded that there is any restriction against its use when a criminal defendant, as happened here, blatantly lies about her financial condition on a document such as the CJA 23 affidavit, containing as it does the very precise and apparent warning of the potential penalty for falsehood. This misrepresentation did not occur during a judicial proceeding. Cf. *id.* We, therefore, affirm the conviction of violation of 18 U.S.C. § 1001, on the ground that the falsehood contained in the written affidavit violated that statute. We do not reach the more difficult question of whether her false statements orally to the magistrate would support a conviction under the statute.

We reverse the convictions on Counts 3, 4 and 5, and we affirm the conviction on Count 15. We reject the government's contention that we apply the concurrent sentence doctrine and not inquire into the asserted error as to Counts 3, 4 and 5. The possibility is too strong that had appellant been sentenced only on Count 15 she might have received a less severe sentence. The case is therefore remanded to the district court to permit resentencing on Count 15.

Per Chambers, Circuit Judge: Opinion on Petition for Rehearing will follow shortly.