787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
J. D. THORNTON, Defendant-Appellant.
 85-1848
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF MICHIGAN
 BEFORE: MERRITT, JONES, and WELLFORD, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 The court has heretofore declined to disturb or set aside the order of the district court denying bail to appellant pending trial on drug charges under provisions of the Bail Reform Act of 1984, Pub. L. 98-473, Title II, Secs. 203-210, 98 Stat. 1976-1987 (codified at 18 U.S.C. Secs. 3141-3143 and scattered sections). Appellant has filed a petition for rehearing, and the appellee has filed a response.
 
 
 2
 Appellant first contends that there has been a failure to make mandated written findings pursuant to 18 U.S.C. Sec. 3142(i).[1] Prior to the 1984 Bail Reform Act, it was clear that a bail proceeding before a United States Magistrate was a 'judicial proceeding' and that necessarily a magistrate was a 'judicial officer' conducting such a proceeding. United States v. Abrahams, 604 F.2d 386, 392-393 (5th Cir. 1979). (The former section comparable to Sec. 3142 was Sec. 3146; it likewise referred to a 'judicial officer.') See also Shackleford v. United States, 383 F.2d 212 (D.C. Cir. 1967) (Burger, J.). In this case, Magistrate Hooe, a judicial officer, made written findings of fact and stated the reasons for detention pursuant to Sec. 3142(i). The district court, on review, made further oral findings setting out his reasons for ratifying the actions of the magistrate with respect to bail. Section 3142(i) and Rule 9(a) of the Federal Rules of Criminal Procedure impose no requirement beyond what was done in this case. Appellant's first contention therefore has no merit.
 
 
 3
 Next, appellant contends that the district court's order of detention was 'clearly erroneous' and should be reversed. Appellant's counsel stated to the district judge that his 'understanding of the law [the Bail Reform Act of 1984]' was 'that the charges in this case bring about a rebuttable presumption that the Defendant . . . will not appear for trial.' See 18 U.S.C. Sec. 3142(e)(3). The judge ruled 'I don't think there is any circumstance here or any combination of conditions that will reasonably assure the appearance of the Defendant.'[2] We believe this is a sufficient ruling under the Bail Reform Act in question, apart from any presumption set out in subsection (e), to satisfy the conditions set out in Sec. 3142(f).[3]
 
 
 4
 While it is preferable for the judicial officer to support his finding that no condition or combination of conditions would 'reasonably assure' the defendant's appearance at trial and the safety of any other person and the community by citation of facts found to constitute 'clear and convincing evidence,' we find, under the circumstances here, that the findings of the magistrate and the court are sufficient. The district court and the magistrate found that there was a 'serious risk that defendant will flee.' Both referred to 'the safety of the community' as a condition of or factor in the detention order and the fact that defendant was arrested with a large quantity of contraband and in 'close proximity of firearms,' had no 'close ties to the community', and possessed 'false' identification. Defendant had also been found guilty of three prior felony offenses.
 
 
 5
 Finally, appellant argues that we did not address 'the rule set forth in United States v. Orta, 760 F.2d 887 (8th Cir. 1985).' We agree in substantial measure with the Orta rationale, although we do not at this time adopt it as a 'Rule' in this circuit. As in Orta, we 'encourage the finding of probable cause and the defendant's successful or failed rebuttal of the statutory presumptions be expressly discussed.' 760 F.2d at 891 n.17. Orta did not decide whether Sec. 3142(e) requires the judicial officer to find both a 'flight risk' and a 'safety risk' before being detained. Id. at 891 n.19. We also agree that 'the statute does not expressly state the appropriate evidentiary standard necessary to support a finding of propensity for flight.' Id. at 891 n.20. While Orta disapproves adopting any standard that 'could 'guarantee' a defendant's appearance,' id. at 892, and we do not disagree, the clear effect of the district court's ruling in this case was utilization of the reasonable assurance standard stated by the judge and by the magistrate.[4] In short, Orta does not mandate a different result in this case on this record. We are satisfied that the government carried its burden of persuasion to satisfy the conditions of the Act and that both the magistrate and the trial judge made adequate findings, though less than we would have preferred. We point out that '[t]he judicial officer may, by subsequent order, premit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason', 18 U.S.C. Sec. 3142(i), or to the extent that appellant may present any subsequent evidence that may persuade the court that an 18 U.S.C. Sec. 3142(c) release is appropriate.
 
 
 6
 We accordingly AFFIRM the action of the judicial officer denying bail under the circumstances of this case.
 
 
 
 [1]
 Section 3142 provides that after a detention hearing a court may order that a person charged with certain serious offenses be detained pending trial, provided certain conditions are met and factors are considered
 Section 3142(i) provides, among other things, that '[i]n a detention order . . . the judicial officer shall--
 (1) include written findings of fact and a written statement of the reasons for the detention. . . .
 (Emphasis added).
 
 
 [2]
 The court added later, in denying appellant's request, that
 under the circumstances they [appellant and his co-defendant] were apprehended I think it would be almost ridiculous to conclude that there is any combination of circumstances that would guarantee their coming back to this court for trial.
 
 
 [3]
 The pertinent parts of Sec. 3142(f) at issue are:
 (f) Detention hearing.--The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ..
 * * *
 The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.
 
 
 [4]
 The judge did use the word 'guarantee' in his discussion with counsel, but we are satisfied that, as he had previously stated, his essential finding was no combination of conditions would 'reasonably assure' appellant's appearance