POLITZ, Circuit Judge:
 

 Kenneth Wayne Rowland appeals his conviction on a guilty plea
 
 [1]
 
 of violating 18 U.S.C. § 1001 by filing a false performance bond in his personal and corporate bankruptcy proceedings. Rowland maintains that the filing of such a bond does not constitute the making of “false, fictitious or fraudulent statements or representations” or the making or using of “any false writing or document” in the course of “any matter within the jurisdiction of any department or agency of the United States.” He contends that 18 U.S.C. § 1001 is inap
 
 *1170
 
 plicable because a bankruptcy proceeding is a private civil action and the false document was filed in a “judicial proceeding.” Concluding and holding that 18 U.S.C. § 1001 applies to Rowland’s conduct, we affirm.
 

 Facts
 

 Rowland and three of his “companies” were debtors in four petitions pending before the bankruptcy court in the Northern District of Mississippi. The four proceedings were consolidated under the administration of a trustee who sought court authority for the public sale of certain assets of the debtors. Based on an agreement between the trustee and debtors; the bankruptcy court authorized the trustee to lease to the debtors for a fixed period of time, various assets of the debtors’ estates for a per diem rental of $250. The court’s order was conditioned on the debtors’ posting of a performance bond guaranteeing the payment of the daily rental. Rowland timely filed a fraudulent bond, the subject of the instant indictment. The bond was signed by Rowland, individually and as representative of the two debtor corporations and the debtor partnership, as principals. The bond was purportedly executed by Travelers Indemnity Company as surety, but the signature of Travelers’ attorney-in-fact was a forgery.
 

 Rowland secured possession of the assets, subsequently dissipated to the detriment of the creditors, but defaulted in rental payments. When the trustee called upon the surety for performance, the falsity of the bond was disclosed.
 

 Rowland was charged with violating 18 U.S.C. § 1001 by filing the false performance bond. He unsuccessfully sought dismissal of the indictment and then entered a conditional guilty plea pursuant to a written plea bargain agreement. He was sentenced to prison for three years.
 

 Analysis
 

 Although we address a question of first impression in this circuit, we find ample statutory and jurisprudential guidance.
 
 [2]
 
 We begin with the statute, 18 U.S.C. § 1001, which provides:
 

 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.
 

 The clauses which require discussion are: “matter within the jurisdiction” and “department or agency.”
 

 Sitting
 
 en banc
 
 in
 
 United States v. Lambert,
 
 501 F.2d 943, 946 (5th Cir.1974), we rejected “a narrowing construction of the § 1001 phrase ‘matter within the jurisdiction’ of a federal agency.” Instead we concluded: “We are bound, however, to give that language a broad, nontechnical meaning.
 
 See Bryson v. United States,
 
 396 U.S. 64, 70, 90 S.Ct. 355, 359, 24 L.Ed.2d 264 (1969) [declaring that “the term ‘jurisdiction’ should not be given a narrow or technical meaning for purposes of § 1001”];
 
 United States v. Bramblett,
 
 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955).” Citing
 
 Bryson
 
 and
 
 Bramblett,
 
 the Eleventh Circuit observed in
 
 United States v. Fern,
 
 696 F.2d 1269, 1273 (11th Cir.1983): “The purpose of § 1001 is clearly to protect the Government from fraud and deceit. The reach of the statute covers all materially false statements ... made to any branch of the Government. ... Moreover, the term ‘jurisdiction’ should not be given a narrow or technical meaning for
 
 *1171
 
 purposes of § 1001.” We hold that the instant filing of a false bond comes within the reach of the “matter within the jurisdiction” clause of § 1001.
 

 Is the bankruptcy court to be considered a department or agency of the United States? In
 
 Bramblett
 
 a former member of Congress was charged under 18 U.S.C. § 1001 with making false statements to the Disbursing Office of the House of Representatives. The defendant argued that the Disbursing Office was not a department or agency within the meaning of the statute, which he maintained applied only to the executive branch. After a detailed discussion of the history of § 1001 and its predecessor-statutes, the Supreme Court observed: “The context in which this-language is used calls for an unrestricted interpretation .... ‘[department/ as used in this context, was meant to describe the executive, legislative and judicial branches of the Government.” 348 U.S. at 509, 75 S.Ct. at 508. The judicial branch, which includes the bankruptcy courts, is a department of the United States within the in-tendment of § 1001.
 

 As the cases involving false statements made to the judicial department occurred, refinements and exceptions were articulated by the courts of appeals. For our purposes today, the next significant development after
 
 Bramblett
 
 was the decision of the District of Columbia Circuit in
 
 Morgan v. United States,
 
 309 F.2d 234 (D.C.Cir.1962), cer
 
 t. denied,
 
 373 U.S. 917, 83 S.Ct. 1306, 10 L.Ed.2d 416 (1963), involving a defendant who falsely held himself out as an attorney and practiced before the courts in the District of Columbia. In holding § 1001 applicable to the defendant’s “concealing his name, identity, and non-admission to the bar,”
 
 id.
 
 at 235, the D.C. Circuit opined:
 

 We are certain that neither Congress nor the Supreme Court intended the statute to include traditional trial tactics within the statutory terms “conceals or covers up.” We hold only, on the authority of the Supreme Court construction, that the statute does apply to the type of action with which appellant was charged, action which essentially involved the “administrative” or “housekeeping” functions, not the “judicial” machinery of the court.
 

 Id.
 
 at 237.
 

 We first considered the application of § 1001 to the making of false statements in a judicial proceeding in
 
 United States v. Abrahams,
 
 604 F.2d 386 (5th Cir.1979). Abrahams had been convicted of violating § 1001 by falsely advising a federal magistrate, during a Fed.R.Crim.P. 40(b) removal proceeding and bail hearing, that he had never used any other name and had no prior convictions. Both statements proved false. We held that removal proceedings and bail hearings were judicial proceedings. Then, adopting the
 
 Morgan
 
 exception, followed in
 
 United States v. Erhardt,
 
 381 F.2d 173 (6th Cir.1967), we held “that 18 U.S.C. § 1001 is not a proper basis for charging a defendant with making a false statement in a judicial proceeding.” 604 F.2d at 393. We further reflected on our earlier adoption of the so-called “exculpatory no” exception to the applicability of § 1001. Quoting
 
 Paternostro v. United States,
 
 311 F.2d 298, 309 (5th Cir.1962), we noted that mere negative responses, “the ‘exculpatory no’ answer without any affirmative, aggressive or overt misstatement on the part of the defendant does not come within the scope of ... 18 U.S.C. § 1001.” 604 F.2d at 394. We concluded that the “exculpatory no” exception rendered § 1001 inapplicable to Abrahams’s conduct.
 

 Abrahams
 
 is of precedential value in our present quest because of its general endorsement of the
 
 Morgan
 
 holding. In addition to our circuit and the Sixth Circuit,
 
 Morgan’s
 
 distinction between the adjudicative and administrative functions has been cited with approval by the Ninth Circuit,
 
 United States v. Mayer,
 
 775 F.2d 1387 (9th Cir.1985), and the Second Circuit,
 
 United States v. D'Amato,
 
 507 F.2d 26 (2d Cir.1974). In reviewing developments since
 
 Bramblett,
 
 the
 
 Mayer
 
 court pointedly noted that the Supreme Court in
 
 Bramblett
 
 “did not suggest that any exception existed
 
 *1172
 
 for a false statement or document offered in the course of a judicial proceeding and did not suggest any rationale for setting the boundaries of such an exception.” 775 F.2d at 1389. Nonetheless, the first appearance of the “adjudicative function” exception soon followed
 
 Bramblett,
 
 and because in the intervening two decades plus “there ha[d] been no response on the part of Congress either repudiating the limitation or refining it,” it would appear “too late in the day to hold that no exception exists.”
 
 Id.
 
 at 1390. While agreeing with that observation, we are cognizant that the Supreme Court has signaled what might be taken as a caution to the
 
 Morgan
 
 -initiated thrust, stating, after noting the cases: “We express no opinion on the validity of this line of cases.”
 
 United States v. Rodgers,
 
 466 U.S. 475, 483 n. 4, 104 S.Ct. 1942, 1948, n. 4, 80 L.Ed.2d 492, 500 n. 4 (1984).
 

 The
 
 Morgan
 
 court found a § 1001 violation by the defendant who misrepresented that he was an attorney as a prelude to practicing before the court. In
 
 Erhardt
 
 the statute was found inapplicable to the filing in evidence of a false document.
 
 D’Amato
 
 found § 1001 inapplicable to a false statement made in a private civil action.
 
 Abrahams
 
 ruled out “exculpatory no” responses given to a magistrate in a judicial proceeding. In
 
 United States v. Plascencia-Orozco,
 
 768 F.2d 1074 (9th Cir.1985), the court upheld a § 1001 conviction based on the giving of a false name to a magistrate at an arraignment which was considered a part of the magistrate’s administrative duties. The
 
 Mayer
 
 court found false statements given at a sentencing hearing outside the reach of § 1001, viewing sentencing as adjudicative.
 

 Rowland maintains that § 1001 is not applicable to his conduct because it falls within the parameters of the private civil exception first considered in
 
 D’Amato
 
 as recently endorsed by the Eleventh Circuit in
 
 United States v. London,
 
 714 F.2d 1558 (11th Cir.1983). The
 
 D’Amato
 
 court reasoned that § 1001 does not apply to false statements made in civil actions in federal court where the United States is not a party.
 
 London
 
 relied on
 
 D’Amato
 
 in rejecting the use of § 1001 against an attorney who used a fake federal court order in an attempt to mislead his client concerning the court’s decision. We do not here consider the private civil exception, for the rationale of our
 
 Abrahams
 
 decision, within the context of the foregoing jurisprudential evolution, fuels our decision.
 

 Was Rowland’s submission of a false and fraudulent bond within the adjudicative or administrative function of the bankruptcy court? We are persuaded that it came within the latter category. The bankruptcy court authorized the lease to the debtors of certain assets, provided a performance bond was filed. Rowland had the option of filing or not filing the bond if he wished to take advantage of the lease benefits. We perceive his actions involving the filing of the bond as coming within the court’s administrative function.
 

 In genre, Rowland’s act of presenting himself to the clerk of the bankruptcy court and filing a known, invalid performance bond, is not unlike the conduct of the defendant in a recent case,
 
 United States v. McCallum,
 
 788 F.2d 1042 (5th Cir.1985). We upheld McCallum’s § 1001 conviction for filing revoked powers-of-attorney, attached to criminal appearance bonds, with the clerk of court. By his actions, McCal-lum falsely represented that he had authority from the insurer to use the powers-of-attorney and, implicitly, that the bonds signed pursuant to those powers were valid. Although we did not specifically address the issue presented in the case at bar, the
 
 McCallum
 
 court had no difficulty finding that the filing of the fraudulent appearance bonds was violative of § 1001. Were we now to categorize such filings, we would place that activity within the realm of the administrative function of the court.
 

 Rowland’s conduct violated the strictures of 18 U.S.C. § 1001; his conviction is AFFIRMED.
 

 [1]
 

 . Rowland entered a conditional guilty plea under Fed.R.Crim.P. 11(a)(2), reserving his right to appeal the rejection of his motion to dismiss the indictment in which he urged the grounds advanced in this appeal.
 

 [2]
 

 . We find only one reported case in which § 1001 was used in a bankruptcy setting. In
 
 Lyons
 
 v.
 
 United States,
 
 325 F.2d 370 (9th Cir.1963), ce
 
 rt. denied,
 
 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964), the defendant was charged with causing another to make a false statement in a bankruptcy petition. The conviction was affirmed without discussion of the issues which we consider today.