**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Enrique OLVERA, Defendant-Appellant.**

**No. 75–1480.**

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1975.

Larzaro Garza-Gongora, Jr., Marcel C. Notzon, II, Laredo, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Anna E. Stool, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

We reverse and remand this case. There is no evidence to support a jury finding that the defendant-appellant, Enrique Olvera, possessed two grams of cocaine with intent to distribute the drug. Olvera contended that he possessed the cocaine for his personal use. The amount was too small for its possession to raise an inference that he had the cocaine with the intent to distribute it. *Turner v. United States*, 1970, 396 U.S. 398, 422–23, 90 S.Ct. 642,

655, 24 L.Ed.2d 610, 627.[1] The evidence purportedly showing Olvera's connection with others in the possession and distribution of heroin was either inadmissible (because of a defective warrant for the search of the house of Olvera's parents) or, as the district court held, insufficient to support the counts relating to heroin. The admission of this evidence unquestionably confused the jury on the cocaine count, or had the result of tending to confuse the jury sufficiently to require a remand of the case. New evidence is necessary to justify the retrial of Olvera for the possession of the two grams of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1).

The case is reversed and remanded.

---

1. In *Turner*, the defendant possessed 14.68 grams of a cocaine-sugar mixture, 5% of which was cocaine, for a product of 0.734 grams of cocaine. In this case, Olvera possessed 1.84 grams of a cocaine-sugar mixture, 16.8% of which was cocaine, for a product of about 0.31 grams of cocaine.