UNITED STATES of America,
Plaintiff-Appellee,

v.

Randal Lee HODNETT,
Defendant-Appellant.

No. 76–1968
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1976.
Rehearing and Rehearing En Banc
Denied Sept. 28, 1976.

Charles L. Caperton, Dallas, Tex., for defendant-appellant.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before DYER, CLARK and HILL, Circuit Judges.

PER CURIAM:

Appellant was convicted on one (1) count of an indictment charging him with aiding and abetting the distribution of cocaine. Another count charging conspiracy to possess and distribute cocaine was dismissed on the government's motion after the jury failed to reach a verdict. We affirm.

During the trial, defense witness Vicki Cordrey testified to events surrounding appellant's arrest. Her testimony contradicted that of Drug Enforcement Agent Grimes. Appellant contends that both the cross-examination of Cordrey and the rebuttal testimony of Agent Grimes constituted improper impeachment as to a matter which was collateral and which had not

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

been raised by direct examination of the witness. The government asserts that the examination was an attempt to show motivation and bias in testifying.

 The area of cross-examination alleged to be improper concerned the defense witness' attitude towards drug use and her presence during a prior illegal drug transaction to which appellant was not a party. The district court did not abuse its discretion in allowing this line of inquiry. *See* Fed.R.Evid. 611(b). The purpose of the cross-examination and rebuttal testimony was to show that the witness was not as unbiased and disinterested as appeared on the surface. It was an attempt to expose her bias and predisposition, a proper area for impeachment. *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *United States v. Caron,* 474 F.2d 506 (5th Cir. 1973); *Sykes v. United States,* 373 F.2d 607 (5th Cir. 1966), *cert. denied,* 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138 (1967). The trial court is given great discretion in determining the scope of cross-examination on the subject of bias, and we find no abuse in this case.

This was not an attempt to impeach "by inquiry about specific acts of misconduct not resulting in a conviction." *United States v. Park,* 525 F.2d 1279, 1284 (5th Cir. 1976); *United States v. Davenport,* 449 F.2d 696 (5th Cir. 1971). Of course, a witness normally may be impeached by showing prior conviction of a sufficient crime. *See* Fed.R.Evid. 609; *United States v. Bray,* 445 F.2d 178, 181 (5th Cir.), *cert. denied,* 404 U.S. 1002, 92 S.Ct. 571, 30 L.Ed.2d 555 (1971). However, under that doctrine, effort to impeach on the basis of mere accusation or arrest is not permissible. *See United States v. Garcia,* 531 F.2d 1303, 1306 (5th Cir. 1976). Thus, proffered evidence of suspicious conduct of a witness is often not allowed because it fails to meet the standards of impeachment by proof of prior conviction. In the instant case there was no attempt to impeach defense witness Cordrey on such a basis. The government properly sought to show her bias and prejudice in favor of those engaged in drug sales.

Such bias and prejudice could reasonably appear in proof of her willing association with a person while he was, to her knowledge, selling drugs in her presence.

 Appellant also objects to the trial court's charge to the jury and to the closing argument of government counsel. These objections were not raised in the district court and they do not constitute plain error. *See United States v. Garcia,* 530 F.2d 650 (5th Cir. 1976); *United States v. Bey,* 526 F.2d 851, 855 (5th Cir. 1976).

Appellant's conviction is

AFFIRMED.