UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Delano VOMERO,
Defendant-Appellant.

No. 77–5569
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1978.

Seymour London, North Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Barbara D. Schwartz, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Frank Delano Vomero was convicted, after a jury trial, of knowingly and intentionally possessing with intent to distribute cocaine and knowingly and intentionally distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (2).[1] The district court sentenced him to imprisonment for six months and probation for two years. In this appeal Vomero contends that there was

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

1. The jury acquitted Vomero of a conspiracy charge in violation of 21 U.S.C. § 846.

insufficient evidence to convict him, that the trial court admitted prejudicial hearsay testimony, and that the chain of custody was insufficient to introduce the cocaine into evidence. Finding these contentions to be without merit, we affirm.

This Court must sustain a jury verdict if, taking the view most favorable to the Government, there is substantial evidence to support it. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). That clearly is the case here. With respect to the charge of knowing and intentional possession with intent to distribute, there was testimony by Vomero himself that he knew a cocaine sale was about to occur in his motel room while he was present. Thus knowledge was established. Thomas E. Early, one of the DEA undercover agents present in the motel room, testified that Vomero weighed the cocaine. This proves possession. *See United States v. Phillips,* 5 Cir., 496 F.2d 1395, 1397–98, *cert. denied,* 422 U.S. 1056, 95 S.Ct. 2680, 45 L.Ed.2d 709 (1975); *United States v. Johnson,* 5 Cir., 1972, 469 F.2d 973, 976–77. Nick S. Zapata, Jr., another DEA agent working the case, testified that defendant, in reference to a "ripoff," stated that he and his friends were "businessmen, not idiots," and that they "were making enough on that [the sale]" that they "didn't have to do this." Such testimony was sufficient for the jury to find intent to distribute. Moreover, possession of a large quantity of narcotics supports the inference that distribution was intended. *See United States v. Johnson, supra,* 469 F.2d at 977, and cases cited therein. Here Vomero possessed approximately 987 grams of cocaine. In *United States v. Mather,* 5 Cir., 465 F.2d 1035, *cert. denied,* 409 U.S. 1085, 93 S.Ct. 685, 34 L.Ed.2d 672 (1972), the defendant's possession of 197.75 grams of cocaine was found sufficient to support the inference of intent to distribute.

With respect to the second charge, which involves knowing and intentional distribution, Agent Early testified that after weighing the cocaine, Vomero placed it on a table in front of Early, who, as the poten-tial buyer, then field-tested it. This testimony was sufficient for the jury to infer distribution. *See* 21 U.S.C. §§ 802(8), (11). Defendant does not deny that he knew the substance was cocaine. This establishes the knowledge element of the offense of distribution.

In the face of such evidence, Vomero replies that he simply "was at the right place at the wrong time." He protests that he initially was not aware that a cocaine sale was in the making and that once he so learned, he remained in his motel room where the sale was to occur only because he feared the real pushers. This may be so. The jury, however, apparently believed otherwise, and we will not disturb their verdict in light of the substantial evidence supporting it. It is not for this Court to weigh the credibility of witnesses. *See, e. g., United States v. Cravero,* 5 Cir., 1976, 530 F.2d 666, 670; *United States v. Mills,* 5 Cir., 1968, 399 F.2d 944, 948.

As for Vomero's complaints regarding admission of prejudicial hearsay and improper chain of custody, a careful examination of the briefs and record indicates that his contentions are without basis in law or fact. Accordingly, the conviction is

AFFIRMED.