**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Aurelio Rene RAFFO,
Defendant-Appellant.**

**No. 78–5236
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1979.

Rehearing Denied Feb. 21, 1979.

Donald I. Bierman, Lawrence E. Besser, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U.S. Atty., Barbara Schwartz, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Following convictions of possession with intent to distribute cocaine and conspiracy to import cocaine, appellant Raffo and co-defendant Caverro were granted a new trial due to newly discovered *Brady* evidence. Appellant and Caverro were subsequently charged in a three count indictment with conspiracy to import and to possess with intent to distribute, aiding and abetting importation, and possession with intent to distribute 960 grams of cocaine.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

In the light most favorable to the government the factual scenario begins with the arrival of Ernesto Peyon at Miami International Airport from Lima, Peru. A customs official discovered approximately 1 kilogram of cocaine under a false bottom in a tote bag carried by Peyon. Peyon obtained the cocaine from Caverro's son in Peru and intended to give the bag and drugs to Raffo. Among Peyon's possessions was a card bearing the name of the Ponce de Leon Hotel. Written on a card was a person's name, perhaps that of appellant, as well as two telephone numbers, apparently those of Caverro and Raffo.

DEA Agent Perez called the Ponce de Leon Hotel and was given Peyon's message to call Caverro. Posing as Peyon, the DEA agent spoke with Caverro. Following the phone conversation, Caverro arrived at the airport in a car driven by Raffo.

Out of Raffo's hearing, Caverro asked the agent (Perez) where the thing was, how much he had brought and how much money he had to give him. Perez responded that the stuff, a kilo, was in a bag in a locker and that the money arrangements had already been made. Perez waited at the airport while Raffo drove Caverro to get the money.

After returning, Caverro talked with Perez while Raffo parked the car. Upon joining the two, Raffo announced that he was Rene Raffo and that he had the money. Caverro directed Raffo to go inside and get the stuff. Raffo accompanied the agent to the locker where he gave him $5000 which had been in his coat pocket wrapped in a newspaper. Raffo received and carried the bag containing the cocaine although, initially, he asked Perez to carry it.

Back at the automobile, the bag was placed on the front seat between the two men. As appellant was backing up, he attempted to insert his fingers into the bag, asking whether he or Perez should take it out. Perez replied to keep the bag, to leave it concealed. After their arrests, Raffo told Caverro to be careful, as Perez spoke Spanish.

Following a jury verdict of guilty on the three counts, appellant was sentenced pursuant to 18 U.S.C. § 4205(c) to 15 years with a special parole term of 3 years on Count 1, with the same imprisonment and parole terms on Counts 2 and 3, running concurrently. After receipt of a report from the bureau of prisons, the court entered an order reducing the sentence to 30 months imprisonment and a special parole term of 3 years on Count 1 and identical concurrent sentences on Counts 2 and 3.

■ Raffo claims error in the denial of the motion for judgment of acquittal. Because no F.R.Crim.P. 29(a) motion was made at the conclusion of the evidence, the standard is whether an affirmance of the conviction would promote a manifest miscarriage of justice. *United States v. Meneses-Davila*, 5 Cir. 1978, 580 F.2d 888; see, *United States v. Garza*, 5 Cir. 1978, 574 F.2d 298, at 304 n. 11.

■ Raffo initially challenges the sufficiency of the evidence going to knowledge that the bag contained cocaine. The issue framed in his reply brief questions his connection with a conspiracy. The hypotheses posed by appellant are that he was only helping Caverro, the money was repayment of the son's debt to Peyon, he did not expect anything for the money, and he thought the bag contained gifts from Caverro, Jr.

■ The evidence clearly presented the existence of a drug importation and distribution conspiracy. *United States v. Dyar*, 5 Cir. 1978, 574 F.2d 1385, 1389. The first links between Raffo and the conspiracy are his presence, his name and number on the card, and Peyon's intention to give the drugs to him. See, *United States v. Alvarez*, 5 Cir. 1977, 548 F.2d 542. The threshold is plainly passed by the evidence that, after being told to get the stuff, appellant gave Perez $5,000 and took the bag containing the cocaine. Inferences of knowledge and agreement to participate are not just plausible, but inescapable. See, *United States v. Littrell*, 5 Cir. 1978, 574 F.2d 828, 832. The subsequent inquiry and response regarding keeping the bag, to leave it concealed undermines the assertion that appellant reasonably thought the bag contained

gifts. The evidence as outlined, along with the testimony that the debt was $2,000 and repayment was not expected on this occasion, is inconsistent with the hypothesis of appellant's innocence. *United States v. Marable,* 5 Cir. 1978, 574 F.2d 224, 229. The conviction of aiding and abetting importation is supported by the several evidentiary links between appellant and Peyon. The evidence and reasonable inferences therefrom show that appellant knew the importation was occurring, he associated himself with the importation, and he participated in it with a desire that it be accomplished. *See, United States v. Martinez,* 5 Cir. 1977, 555 F.2d 1269; *United States v. Catano,* 5 Cir. 1977, 553 F.2d 497.

Possession was established by his control over the bag containing the cocaine and by evidence, such as the query and reply in the car, from which the jury could infer appellant's knowledge of cocaine. *See, United States v. Riggins,* 5 Cir. 1977, 563 F.2d 1264. The fact that nearly a kilogram of cocaine was involved, 58,000 dosage units, supplies the foundation for the inference of intent to distribute. *United States v. Vomero,* 5 Cir. 1978, 567 F.2d 1315.

This record contains no manifestation of a miscarriage of justice.

The Judgment of the District Court is AFFIRMED.