**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth LOVE, Defendant-Appellant.**

**No. 78-5425.**

United States Court of Appeals,
Fifth Circuit.

July 23, 1979.

Joseph H. Delaney, Corpus Christi, Tex. (Court-Appointed), for defendant-appellant.

John M. Potter, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

GEE, Circuit Judge:

This case comes to us on direct appeal from a conviction of Kenneth Richard Love for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). We affirm.

Appellant Love was the sole passenger in a van that arrived at the Sarita, Texas, border checkpoint in February 1978; the van was driven by Marc William McNiff,

whose father owned the vehicle. Border Patrol Agent Charles McClure questioned both men about their citizenship, and as he was doing so, the agent detected the odor of marijuana. After directing the van into a secondary inspection area, Agent McClure felt what appeared to him to be "loose-wrapped marijuana" in a cloth suitcase near the back door of the van. He found marijuana, wrapped in a plastic sack, in the suitcase. By that time Agent Cecilio Ruiz had joined McClure. Love and McNiff were placed under arrest, and Ruiz advised them of their constitutional rights. A subsequent search of the van revealed an additional quantity of marijuana hidden in a plastic sack in an ice chest, two marijuana "joints" in a cigarette package on the dashboard, loose marijuana in an eyeglass case found in the pocket of a denim jacket, and cigarette papers also found in a pocket of the same jacket. Twenty-six pounds of marijuana were concealed in the van.

At trial Agent McClure testified that Love had said that the jacket and the eyeglass case were his. He also testified that after being advised of their constitutional rights one of the defendants admitted that they had paid $2,000 for the marijuana and that the other had acknowledged that statement in some manner, the exact nature of which he could not recall. On cross-examination, McClure recalled that "the other individual" agreed with the one who spoke that "we" paid $2,000 for the contraband, but McClure could not remember whether the acknowledgment was by word or by gesture. Love disputed this testimony through Marc McNiff, who testified that he owned the marijuana, as well as the suitcase and ice chest in which it was hidden. He further stated that the marijuana in the jacket and eyeglass case were his, as was the jacket, and that Love was along only to pick up furniture and personal belongings that were stored in Dallas. McNiff admitted making a statement acknowledging the cost of the marijuana but denied that either he or Love said anything to indicate that the marijuana belonged to Love. McNiff maintained steadfastly that he loaded the marijuana before picking

Love up and that the latter knew nothing at all about it. After Love unsuccessfully moved for a judgment of acquittal, both at the close of the government's case and at the conclusion of all the evidence, the jury returned a guilty verdict. Love was sentenced to thirty months in prison and a special parole term of three years.

Appellant Love first complains that the trial court unduly limited his right to cross-examine Agent McClure concerning an alleged "plant" of marijuana on persons at the checkpoint by Agent Ruiz. The incident was allegedly witnessed by McNiff and Love and reported to a DEA agent. Love sought to cross-examine the Border Patrol agents about Ruiz' supposed misconduct, stating that the matter was admissible to demonstrate their bias or improper motive to testify. The government urged a motion in limine before any evidence was presented to prevent the defense from going into this subject. The motion was granted, but the ruling was limited to cross-examination of government witnesses on the matter. The trial judge stated that "after the government has rested and the defendant puts on any testimony, then the court may consider a discussion of the matter." Agent Ruiz did not testify before the jury, and Love failed to raise the matter at the close of the government's case or in his case in chief.

■ The right of cross-examination protected by the Constitution is especially important to expose the "possible biases, prejudices or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). This right is not unlimited, however. The trial court has broad discretion in determining how and why bias may be proved and what collateral evidence is material to that purpose. *United States v. Hodnett*, 537 F.2d 828 (5th Cir. 1976); *United States v. McCann*, 465 F.2d 147 (5th Cir. 1972). Initially, the proponent of the evidence must show that the cross-examination is relevant. Love failed to make a threshold showing that the evidence of the

alleged "plant" was relevant to demonstrate an improper motive for government witnesses to testify, and we hold that the trial court did not abuse its discretion in prohibiting cross-examination on this subject. Counsel for Love made only the general argument that the matter was admissible to show "a possible motive for bias on the part of prosecution witnesses." Perhaps it would be possible to conjure up a scenario in which the supposed incident involving Ruiz would give prosecution witnesses an improper motive to testify, but there is nothing in this record that does so. The incident was not related to Love's arrest or to his case. There was no suggestion that he was the victim of similar conduct, nor was there any allegation or assertion that Agent McClure knew of the incident or of the accusations made by Love and his companion. Agent Ruiz, the actor in the alleged misconduct, did not testify before the jury; he was called, however, to establish a *Miranda* predicate out of the presence of the jury, but no offer of proof was made at that time. Neither was an offer of proof made when the motion in limine was granted. Under the circumstances, we cannot say that the trial judge abused his discretion in his ruling.[1]

■ Love also challenges the sufficiency of the evidence to support his conviction. In our review of the evidence, we examine it in the light most favorable to the verdict, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and should reverse only if the jury could not conclude with reason that the evidence is inconsistent with Love's innocence, *United States v. Ragano,* 520 F.2d 1191 (5th Cir. 1975). Possession of the small amount of marijuana found in the jacket and eyeglass case would not support an inference of intent to distribute, *see United States v. Olvera,* 523 F.2d 1252 (5th Cir. 1975), but the requisite intent may be inferred from possession of a large quantity of marijuana. *United States v. Meneses-Davila,* 580 F.2d 888 (5th Cir.

1978); *United States v. Johnson,* 469 F.2d 973 (5th Cir. 1972). Thus, Love's conviction must stand or fall on the government's proof of his possession of the 26 pounds found in the suitcase and ice chest.

There is no evidence of actual possession in the record. Constructive possession, however, if proved, will support a conviction. *United States v. Ferg,* 504 F.2d 914 (5th Cir. 1974). Possession may be joint among several defendants, and it may be shown by circumstantial evidence. *Id.* Constructive possession may be proved by a defendant's ownership, dominion or control over the contraband itself or over the premises or vehicle in which the contraband is concealed. *United States v. Salinas-Salinas,* 555 F.2d 470 (5th Cir. 1977); *United States v. Martin,* 483 F.2d 974 (5th Cir. 1973). Mere presence in the area where the contraband is discovered or mere association with the person who does control the contraband or the property where it is concealed does not support a finding of possession. *United States v. Jackson,* 588 F.2d 1046 (5th Cir. 1979).

■ We think the evidence sufficient to support Love's conviction despite McNiff's protestations that the former knew nothing. Love argues that he was merely a passenger in the van and that his proximity to the marijuana was not enough to constitute constructive possession. He correctly points out that the large quantity of marijuana was found in the personal belongings of McNiff. This argument ignores, however, the testimony of Agent McClure: one defendant said that "we" paid $2,000 for the marijuana, and the other agreed with him. No matter which defendant Love was, the result is the same. The statement one defendant made and the acknowledgment by the other each was an admission that the two shared a possessory interest in the contraband. Thus, far more was shown than "mere presence" or proximity to the

---

1. We note also that although the trial judge expressly stated that he would reconsider the matter after the government rested, there was no attempt to re-urge the issue, either by calling the agents as adverse witnesses or by questioning McNiff about the incident on direct examination.

contraband or mere knowledge of its location. The admission of appellant Love sets this case apart from *United States v. Ferg, supra,* and *United States v. Cantu,* 504 F.2d 387 (5th Cir. 1974), and allowed the jury to conclude with reason that Love possessed the 26 pounds of marijuana with the intent to distribute it. It is true, as Love argues, that McNiff claimed full responsibility for the marijuana. The jury, however, chose to believe McClure, and we do not weigh the credibility of witnesses. *United States v. Vomero,* 567 F.2d 1315 (5th Cir. 1978). The verdict is supported by substantial evidence, and we will not disturb it.

AFFIRMED.