UNITED STATES of America,
Plaintiff-Appellee,

v.

Nicholas C. YOUNG,
Defendant-Appellant.

No. 80–2346
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 8, 1981.

Horacio L. Barrera, Brownsville, Tex., for defendant-appellant.

Carl Walker, Jr., U. S. Atty., John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Nicholas C. Young was convicted following a jury trial of distributing cocaine and of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Young to two concurrent six year terms of imprisonment, followed by three year terms of special parole. He appeals the conviction, urging three points of error. Finding no merit in his contentions, we affirm.

Young met George Spaulding, an undercover agent of the Drug Enforcement Administration (DEA), on August 1, 1980 in a motel parking lot in Harlingen, Texas. Spaulding was posing as a buyer of cocaine and a seller of marijuana. Spaulding and an informant complied with Young's request to ride with him in his car. While driving, Young offered to exchange ten ounces of cocaine with Spaulding for money and a quantity of marijuana. Young did not exhibit any cocaine until after he stopped the car at a convenience store to allow Spaulding to go inside briefly. When he returned to the car, Spaulding observed Young and the informant inhaling cocaine and admonished the informant against such conduct.

As the trio drove away from the store, Young handed Spaulding two plastic bags containing a powdered substance. He instructed Spaulding to keep one bag, and to take a sample of the powder from the second bag. Young said each bag contained a different grade of cocaine. The purchase price and quantities to be exchanged were then arranged, contingent upon the results of Spaulding's tests of the sample from the

second bag. Later that afternoon the informant reported to Young that the sample had passed Spaulding's tests, and arranged to complete the transaction the next day.

At the appointed time, Spaulding met with Young in his car and asked to see the cocaine. Young exhibited a white cloth inside an orange bread wrapper and said, "It's all right there." He then offered to weigh the substance for Spaulding. The agent declined, and left the scene on a pretense to notify other agents to arrest Young. After Young sighted the approaching agents he fled by car, but was captured by agents several minutes later, while emerging on foot from an orange grove.

Agents recovered a triple beam balance scale, kitchen strainers, a mortar and pestle and an empty bread wrapper from Young's car, which was found near the scene of his arrest. A search of Young's wallet also produced a piece of paper on which Young had apparently calculated the proceeds of his transaction with Spaulding. After being advised of his constitutional rights, Young gave three inconsistent explanations for his conduct. He first told agents that he was not selling cocaine but was attempting to "rip-off" Spaulding. He later stated that he had disposed of ten ounces of cocaine in an orchard near the orange grove from which he had emerged. Young led agents to an area in the orchard where they discovered two plastic bags containing a powdery residue and a white pillow case. Young's third claim was that the residue found on the bags was the only cocaine he had possessed. Laboratory analysis confirmed that the residue contained cocaine.

Young's first contention on appeal is that the district court abridged his sixth amendment right to effective cross-examination by sustaining the government's objection to questions regarding the prior investigatory experience of Agent Spaulding. Young's trial counsel sought to determine whether Spaulding or the DEA had ever been "burned" in a drug sale. The government's objection to the relevancy of this line of questioning was sustained. Young argues that refusal to permit such inquiries impaired his ability to assert a defense that he did not intend to distribute cocaine to Spaulding, but instead intended to defraud him by substituting a valueless substance for cocaine or by giving him nothing.

■ The trial court acted properly in sustaining the government's objection. Although "a primary interest" of the accused's sixth amendment right to be confronted with adverse witnesses is the right to cross-examination, *Douglas v. Alabama*, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965), such cross-examination must meet a threshold test of relevance to the issues being tried. *United States v. Love*, 599 F.2d 107, 109 (5th Cir.), *cert. denied*, 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312 (1979). The inquiry foreclosed by the Court did not pertain to the reliability of the witness or to the events of the case, but to other investigations by Agent Spaulding and the DEA. Young was not barred from asserting through relevant testimony a defense that he did not intend to distribute genuine cocaine to Spaulding. The decision to uphold the government's objection rested firmly within the trial court's broad discretion to determine relevancy. *United States v. Wasman*, 641 F.2d 326, 329 (5th Cir. 1981); *United States v. Spivey*, 508 F.2d 146, 151 (10th Cir.), *cert. denied*, 421 U.S. 949, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975) (question regarding "common practice" of government agents excluded).

■ Young also urges that the evidence submitted to the jury was insufficient to support a conviction of possession of cocaine with intent to distribute. The controlling standard for assessing the sufficiency of evidence to support a conviction requires a determination whether, viewing the evidence most favorably to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original); *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954).

To sustain a conviction of possession of cocaine with intent to distribute, the government must prove the (1) knowing possession of cocaine (2) with intent to distribute. The supporting evidence may be direct or circumstantial. *United States v. Richards*, 638 F.2d 765, 768 (5th Cir. 1981). Ample evidence was adduced to show that Young possessed the cocaine, including traces of cocaine found on the plastic bags recovered from the orchard and Young's admission that he had disposed of ten ounces of cocaine there. Young's intent to distribute cocaine could be reasonably inferred from his exhibition of cocaine to Spaulding, his calculations of the proceeds of the proposed sale found in his wallet, and his offer to weigh the substance. Supported by such evidence, the jury's conviction of Young is not vulnerable to attack on appeal.

Young finally contends that the district court erred in failing to instruct the jury on the lesser included offense of simple possession. Because Young advanced no objection to this failure at trial, he can prevail on appeal only in the event of plain error affecting his substantial rights. *United States v. Vincent*, 648 F.2d 1046, 1050 (5th Cir. 1981); Fed.R.Crim.P. 52(b). Citing *United States v. Swiderski*, 548 F.2d 445 (2d Cir. 1977), Young argues that Agent Spaulding's discovery of Young and the informant sampling cocaine in his car warranted the giving of a simple possession instruction. *Swiderski*, however, involved the simultaneous acquisition of an illegal drug by two individuals for their personal use. The court stated that the sharing of the drug by two people was not itself evidence of intent to distribute. Here Young not only sampled the cocaine, but also negotiated a sale to Spaulding. Given the substantial evidence of Young's intent to distribute cocaine, including his offer to sell to Spaulding, the trial judge did not commit plain error by failing to instruct the jury *sua sponte* on the offense of simple possession.

AFFIRMED.