**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sherill P. LANDES, Defendant-Appellant.**

**No. 82–3518**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 20, 1983.

---

David K. Chapman, San Antonio, Tex., for defendant-appellant.

D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

PER CURIAM:

Defendant Sherill P. Landes was convicted of conspiring to intimidate a witness, in violation of 18 U.S.C. § 371, and of intimidating a witness, in violation of 18 U.S.C. § 1503. On appeal, he claims that the trial court committed reversible error by refusing to allow him to attempt to impeach two Government witnesses for bias. We find that the trial court's rulings were within its discretion, and affirm.

In November 1978 Landes was awaiting imminent trial on an indictment charging him with the interstate transportation of stolen property and conspiracy. Shortly before trial was to begin, Landes learned that Rufus Harper was prepared to testify that he had seen the property in Landes' possession and that Landes had asked him to help dispose of it. Landes promptly convinced a friend of his, Fern Ellen Suchanek, to set Harper up on a false rape charge. Suchanek followed through on their plans, and Harper was arrested for rape the day before Landes' stolen property trial was to begin.

Harper immediately suspected that Landes was behind his arrest. From jail he contacted FBI agent Stephen Ek, who had conducted the investigation leading to Landes' indictment on stolen property charges. Ek located Suchanek and questioned her, but she denied knowing Landes and insisted that her allegations were true. The following day, Landes struck a plea bargain on the stolen property charges, and Suchanek disappeared.

Ek and the U.S. Attorney quickly began an investigation into the connection between Landes and Suchanek's rape charge against Harper, with an eye toward indictment for conspiracy and obstruction of justice. Suchanek was indicted in June 1979. In July 1980 she was apprehended in Houston, Texas. She eventually made a full statement to the FBI confessing that she and Landes had cooked up the rape charge against Harper, and pled guilty to the charges against her. Grand jury proceedings against Landes recommenced, and with the aid of Suchanek's testimony an indictment charging Landes with conspiring to intimidate and intimidating a witness was returned in January 1982. Landes was convicted on both counts in July 1982.

Harper and Ek testified against Landes in connection with the obstruction of justice charges. Landes now complains that the trial court unduly restricted his attempts to impeach them with proof of bias. Trial courts have broad discretion in determining how and why bias may be proved and what collateral evidence is material to that purpose. *United States v. Love*, 599 F.2d 107, 108 (5th Cir.), *cert. denied*, 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312 (1979). The district court expressed valid reasons for refusing to allow Landes to pursue his proposed lines of inquiry. It cannot be said that the trial court abused its discretion.

Landes' theory of Harper's bias rested on his allegation that Harper had turned Government informant and expected to be rewarded for his testimony with the Government's assistance on state charges pending against him. But Landes conceded at trial that he did not expect to show that Harper had been a Government informant when he testified before the grand jury about the fabricated rape charge; he agreed that Harper's testimony before the grand jury was in all significant respects consistent with the testimony he gave at trial. The district court reasoned that the consistency between Harper's grand jury testimony and his trial testimony negated the inference of bias that might otherwise be drawn from his connection with the Government. The district court was correct. In the circumstances, Landes' proffered evidence did not lend logical support to the point he wished to make, see *Love*, 599 F.2d at 109. We cannot fault the district court's ruling.

 Landes' theory of Ek's bias was that Ek, a Government employee, was motivated to testify against him because Landes had filed a three million dollar civil suit against the Government for injuries allegedly sustained at the hands of prison doctors.[1] The district court refused to allow him to pursue that line of questioning, ruling that in the absence of some indication that the action had in fact had some effect on Ek's testimony, the inflammatory nature of the suggestion of retaliation threatened prejudice disproportionate to its materiality. The rules of evidence commit the weighing of prejudice and materiality to the sound discretion of the trial court. Fed.R.Evid. 402, 403; *Goff v. Continental Oil Co.*, 678 F.2d 593, 596 (5th Cir.1982); *Page v. Barko Hydraulics, Inc.*, 673 F.2d 134, 140 (5th Cir.1982). Again, we cannot fault the district court's judgment. Ek's involvement with the obstruction of justice investigation was completed long before Landes filed his civil suit. Landes did not

offer to show that Ek had exercised any influence whatsoever over the U.S. Attorney's decision to reactivate Landes' prosecution. The district court's ruling was within its discretion.

We find no error in the district court's challenged evidentiary rulings. The judgment of conviction is affirmed.

AFFIRMED.

---

1. Landes has moved to supplement the record with a transcript and documents pertaining to his civil suit. As the Government previously has supplemented the record with similar documents and does not oppose the motion, it is granted.