**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Blake McCALLUM, Defendant-Appellant.**

No. 85–1362.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1985.

Ronald L. Goranson, Dallas, Tex., for defendant-appellant.

William Kim Wade, Asst. U.S. Atty., James A. Rolfe, Christopher Lee Milner, U.S. Attys., Lynn Hastings, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before POLITZ, HIGGINBOTHAM, and JONES, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of 27 counts of knowingly and willfully making false statements in violation of 18 U.S.C. § 1001, Robert Blake McCallum appeals, challenging evidentiary rulings and the jury charge. Finding no error, we affirm.

## FACTS

McCallum was a bail bondsman in Dallas, Texas. On May 4, 1982, he was empowered by Allied Fidelity Insurance Company to post bonds on its behalf and was given 462 powers-of-attorney. Two days later, Allied's vice-president who had contracted with McCallum, in writing revoked that authority. On May 6, 1982, Allied's regional manager for Texas personally visited McCallum, advised that the agency agreement had been revoked, and demanded the return of all powers-of-attorney. McCallum demurred. The regional manager personally advised the Dallas County Sheriff's Office that McCallum was not authorized to act on behalf of Allied. On May 19, Allied's counsel wrote McCallum, demanding a return of all powers-of-attorney. Notice of the agency revocation was not given to any federal agency or court until August 30, 1982.

From June 1 through August 27, 1982, McCallum represented himself as Allied's agent and signed and presented to the United States District Court for the Northern District of Texas bonds, with attached powers-of-attorney, to secure the appearance of persons charged with immigration law violations. These filings undergird the 27 counts for making, and causing to be made, false and fraudulent statements and representations concerning material facts to a government agency or department.

McCallum's primary defense was that he did not act willfully because he relied on the advice of his attorney, Randy Taylor. Taylor testified that on May 7, 1982, he reviewed the agreement between McCallum and Allied, a letter of underwriting authority from Allied to McCallum, and other documents, and then advised McCallum that he could continue writing bonds on Allied until Allied's president revoked his authority in writing. McCallum asserted that he wrote the 27 challenged bonds based on this advice.

The government's case was based primarily on the testimony of three witnesses, Allied's vice-president who testified that he hired and fired McCallum, exercising authority granted by Allied's president; the regional manager who testified that he gave McCallum oral notice of termination and demanded the return of all powers-of-attorney; and Allied's president who testified that in accordance with his authority he had delegated to the vice-president the power to grant and terminate bail bonding authority.

The district judge identified three elements of the offense in his charge to the jury:

First: That the Defendant knowingly made a false statement, or made or used a false document, in relation to a matter within the jurisdiction of a department or agency of the United States as charged;

Second: That the false statement or false document related to a material matter; and

Third: That the Defendant acted wilfully and with knowledge of the falsity.

Respecting McCallum's main defense theory, the court instructed:

With regard to the elements of wilful and knowing wrongdoing, the defense introduced evidence that the Defendant acted on the basis of advice from his attorney.

If the Defendant, before taking any action, sought the advice of an attorney whom he considered competent, in good faith and for the purpose of securing legal advice on the lawfulness of his possible future conduct, and made a full and accurate report to his attorney of all of the material facts of which he has the means of knowledge, and acted strictly in accordance with the advice of his attorney given following his full report, then the Defendant would not be wilfully doing something the law forbids....

McCallum received 26 concurrent five-year sentences plus five years of probation and a $10,000 fine on the 27th count.

## ANALYSIS

### Evidentiary Issues

1. Civil Litigation.

 McCallum sought to introduce evidence that the Immigration and Naturaliza-

tion Service had filed suit against Allied to collect on several forfeited bonds which McCallum had signed. The evidence was offered to impeach the testimony of Allied's officers, impugning their motivation for testifying that McCallum was without authority to bind their company. The district court noted that this evidence might show possible prejudice by Allied's officers, but that this possibility was "far outweighed under Rule 403 by confusing the jury on a matter that really is not relevant.... I don't want to get off and have to instruct them on what is involved in civil litigation of this kind."

The admissibility of evidence for impeachment purposes is committed to the broad discretion of the trial judge. We perceive no abuse of that discretion. *United States v. Landes,* 704 F.2d 152 (5th Cir.), *cert. denied,* 464 U.S. 856, 104 S.Ct. 176, 78 L.Ed.2d 158 (1983).

### 2. Taylor's Testimony.

■ McCallum assigns three errors arising out of the testimony of Randy Taylor who testified about his interview, document review, and legal advice to McCallum on May 7, 1982, regarding the bond writing. After Taylor completed his testimony, McCallum's trial counsel sought to return him to the stand to testify about continuing advice he gave McCallum after May 7, 1982. The trial judge refused to permit the recall of Taylor on the grounds that the evidence was both cumulative and irrelevant. We find no evidence presented by the government suggesting any change in McCallum's state of mind between May 7, 1982 and August 27, 1982, the date of the last bond filing. The government's case was straightforward. The defense was equally straightforward. Evidence of McCallum's reliance on advice of counsel was presented by the defense. We find no abuse of discretion in the trial judge's disallowance of the recall of Taylor. Our attention is invited to no relevant evidence that was excluded.

McCallum contends that the trial judge erred in refusing to allow Taylor to testify about statements he had made to Taylor prior to and during the course of their May 7, 1982 conference. McCallum offered the statements for the truth of their content under Fed.R.Evid. 803(3). The court allowed the hearsay statements not as assertion of a fact but as fact of an assertion, specifically, "as a predicate for what action was then taken by Mr. Taylor." The court so charged the jury. There was no error in this ruling.

In addition McCallum maintains that the court violated his sixth amendment right to confrontation by excluding Taylor's testimony about his unsuccessful attempt in September 1982 to deliver Allied's portion of the bail bond premium to local counsel. Allied's regional manager had testified that Allied had no record of any premiums having been remitted by McCallum. The sixth amendment is not implicated. The real issue is whether the court erred in excluding evidence to contradict the regional manager's statement which defense counsel had not challenged on cross. *United States v. Valenzuela-Bernal,* 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). No payments had been made. The district court excluded testimony concerning the attorney's action after the alleged criminal conduct had occurred as irrelevant and tending to confuse the jury because the attorney acted on behalf of McCallum after McCallum "got his tail in the wringer." We find no abuse of discretion in that ruling and will not reverse it. *United States v. Kimmel,* 777 F.2d 290 (5th Cir.1985).

### 3. Allied's Bylaws.

■ The bylaws of Allied that were in effect during all times pertinent to the indictment, May-August 1982, were admitted into evidence. McCallum sought to buttress his defense that he had authority to write bonds on Allied by offering copies of Allied's bylaws in effect from 1972 through April 1982. The district court excluded the earlier bylaws as irrelevant to McCallum's defense because neither he nor Taylor was aware of the contents of those bylaws during the pertinent period of May-

August 1982. Information not known by McCallum, or even his attorney, could not affect his lack of willfulness defense. There was no error in this ruling. The same applies to the court's refusal to permit McCallum to introduce the testimony of an attorney about the legal consequences of a 1981 amendment to the bylaws involving termination of agency relationship. That which was not known could not be relevant to McCallum's state of mind.

### Jury Charge

■ McCallum requested an instruction that if "the power of attorney was not properly and lawfully revoked by Allied ..., then you will return a verdict of not guilty on each count." Considering the entirety of the charge we find no error in the refusal of this instruction. The court defined a false statement or document as one "made or used if it is untrue and is then known to be untrue," and instructed the jury "[i]f you find that the accused did not knowingly and wilfully make a false statement as alleged, you should acquit." If the powers were not in fact revoked there would have been no false representation. The essence, if not exact wording, of the requested charge was given. The court is not obliged to use the defendant's requested language. The court is to fairly and adequately instruct the jury on its functions, the elements of the offense involved, and the defense theories supported by the evidence. *United States v. Schmitt*, 748 F.2d 249 (5th Cir.1984); *United States v. Fowler*, 735 F.2d 823 (5th Cir.1984); *see also United States v. Chavis*, 772 F.2d 100 (5th Cir.1985). The court *a quo* did so. The claim is without merit.

■ McCallum finally argues that the district court erred by submitting to the jury offenses not contained in the indictment. McCallum was indicted for making false statements. The jury charge as given tracked the language of 18 U.S.C. § 1001, permitting a conviction for the making of false statements or the use of false documents. The charge as given to the jury provides no grounds for reversal.

Citing *United States v. Beacon Brass*, 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61 (1952), we have held that under 18 U.S.C. § 1001 "there is no distinction between oral and written statements." *United States v. Massey*, 550 F.2d 300, 305 (5th Cir.1977). Indeed, the proscribed statements may be " 'oral as well as written ... and unsworn as well as sworn.' " *Id. (quoting United States v. Krause*, 507 F.2d 113, 117 (5th Cir.1975)). When McCallum presented himself as an agent for Allied, authorized to bind Allied on bail bonds, and when he executed and submitted each bond to the clerk of court, he made a statement within the meaning and intendment of 18 U.S.C. § 1001.

The government's case and McCallum's defense stood in stark and certain contrast. In convicting on all counts the jury obviously rejected McCallum's defense. An abundance of evidence supports the verdict. The convictions are AFFIRMED.