UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 1/9/96**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

    v.

JAIME OPORTO,

    Defendant – Appellant.

No. 95–2046

(D.C. No. CR 94–503JP)

(District of New Mexico)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.

The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is a direct criminal appeal from a final judgment of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction. Appellant Jaime Oporto was found guilty by a jury of possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841, and of carrying and using a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Mr. Oporto drove into the United States Border Patrol checkpoint on Highway 54 in Otero County, New Mexico, on August 11, 1994. He was the sole occupant of a blue pickup truck. Agent Stan Bell, on duty in the primary inspection area of the checkpoint, detected the scent of burnt marijuana emanating from the truck.

Agent Bell requested permission from the Defendant to have a dog inspect the truck, and he sent the Defendant to the secondary inspection area of the checkpoint. Agent Bell asked Mr. Oporto who owned the truck, and he replied that it belonged to his aunt. Agent Bell's report, introduced as a defense exhibit, stated, "The truck returned to a Dora Hernandez, 1821 McRae, El Paso, Texas . . . [W]hen I asked if Dora was indeed his aunt he did say yes she was." (Appellant's App. at 2, Tr. at 39-40).

In the secondary inspection area, Agent Ray Sanchez inspected the truck using a dog trained in the detection of narcotics. The canine indicated that drugs were hidden in the gas tank area of the truck. Inspecting the gas tank, Agent Bell

2

saw that the gas tank was covered with mud.  This contrasted with the cleanliness of the remainder of the truck.  He also observed that the braces holding the gas tank in place did not appear to have been factory-installed.

Agents removed the gas tank, finding two trap doors sealed with bondo.[1]  Inside the sealed compartments, the agents found seventy pounds of marijuana with an estimated value of $57,000.  Agents also found and seized a cellular telephone in the cab of the truck.

Four days later, Drug Enforcement Administration Task Force Officer Susan Sanchez searched the truck at an impoundment lot after being assigned the case.  Officer Sanchez unlocked the truck and found a Colt .25 caliber automatic pistol under the floor mat on the driver's side of the truck.  The gun, which was within reach of the driver, was loaded with four rounds.

Officer Sanchez also seized a bank statement in Mr. Oporto's name from the truck.  She examined the gas tank and discovered that the presence of the compartments for the marijuana significantly reduced the capacity of the gas tank.  She checked the name and address on the registration for the truck--Dora

---

[1]  Bondo is a binding agent widely used to repair holes in car bodies.

3

Hernandez at 1821 McRae in El Paso, Texas. She could not locate Ms. Hernandez, and she learned that the address did not exist.

Alcohol, Tobacco and Firearms Agent Randy Guthrie test-fired the handgun and found it to work properly. He testified that narcotics smugglers use firearms to protect their drugs and money.

The defense called no witnesses. The jury returned verdicts of guilty on both the drug trafficking and firearm counts. The district court sentenced Mr. Oporto to twenty-seven months on the drug charge, and to sixty months on the firearm charge, to be served consecutively and followed by concurrent three-year terms of supervised release.

Appellant's sole issue is whether sufficient evidence was presented to support his convictions. Mr. Oporto's argument that the evidence was insufficient is without merit.

In determining whether a rational trier of fact could reasonably have found the defendant guilty beyond a reasonable doubt, we review the evidence and reasonable inferences drawn therefrom in a light most favorable to the government. United States v. Hanson, 41 F.3d 580, 582 (10th Cir. 1994). We must make a de novo review of the record to determine whether sufficient evidence supported the defendant's conviction. United

4

States v. Chavez-Palacios, 30 F.3d 1290, 1294 (10th Cir. 1994).
"To overturn a jury's conclusion of fact, we must find that no
reasonable juror could have reached the disputed verdict."
United States v. Hoenscheidt, 7 F.3d 1528, 1530 (10th Cir. 1993).

In order to convict Mr. Oporto on the drug charge, the jury
had to find that he knowingly possessed a controlled substance
and that he intended to distribute that substance. Appellant
asserts that knowledge of the contraband cannot be inferred from
mere control of a vehicle when the contraband is discovered in
hidden compartments within the vehicle.

We have previously found it "permissible to infer that the
driver of a vehicle has knowledge of the contraband within it."
United States v. Levario, 877 F.2d 1483, 1485-86 (10th Cir.
1989). Rather than relying solely on control of the vehicle,
Appellant urges us to adopt the analysis used by the Fifth
Circuit which looks for "additional factors indicating knowledge"
to establish possession when contraband is stashed away in hidden
compartments within a vehicle. (Appellant's Br. at 8 (citing to
United States v. Olivier-Becerril, 861 F.2d 424, 426-427 (5th
Cir. 1988)); see also United States v. Resio-Trejo, 45 F.3d 907,
911 (5th Cir. 1995) (explaining the Fifth Circuit approach to
hidden compartment cases). The outcome of Defendant's
conviction, however, would not change even if we look for
additional evidence indicating knowledge of possession.

5

Like the defendant in United States v. Nicholson, 17 F.3d 1294, 1297 (10th Cir. 1994), the totality of the evidence in this case established that the Defendant knowingly possessed the marijuana hidden in the truck.  As with Nicholson, Mr. Oporto was the only person in the truck, and it contained a personal item belonging to him (his bank statement).  Furthermore, the odor of burnt marijuana leads to the inference that the Defendant had recently possessed and smoked marijuana.[2]

The totality of the evidence, together within reasonable inferences derived from that evidence, was sufficient to support a jury finding that Mr. Oporto knowingly possessed the seventy pounds of marijuana secreted behind the gas tanks of his truck.

Sufficient evidence also existed to show that Defendant had the intent to distribute the marijuana he possessed.  Many circuit courts have recognized that an intent to distribute drugs can be inferred from the possession of a large quantity of a controlled substance.  See United States v. Powell, 982 F.2d 1422, 1430 (10th Cir. 1992), cert. denied, 113 S. Ct. 2361 (1993); see also United States v. Love, 599 F.2d 107, 109 (5th Cir.) (finding twenty-six pounds of marijuana was enough to infer an intent to distribute), cert. denied, 444 U.S. 944 (1979).  The

---

[2]  Although, the odor of burnt marijuana does not necessarily lead to an inference regarding the quantity of marijuana to be found.

truck driven by the Defendant contained seventy pounds of marijuana, which the government valued at $57,000. It stretches the bounds of the reasonable imagination that the Defendant possessed seventy pounds of marijuana for his personal use.

Finally, Appellant challenges his firearm conviction on the grounds that insufficient evidence was presented to establish the underlying crime for the firearm offense. During the pendency of this appeal the Supreme Court decided Bailey v. United States, 1995 WL 712269 (Oct. 30, 1995). In Bailey, the Court unanimously held that the term "use" in § 924(c)(1) means that the defendant must have "actively employed the firearm during and in relation to the predicate crime." Id. While Appellant did not raise the issue directly, we believe that the trial court should reconsider the firearm conviction in light of Bailey because the firearm was found four days after Defendant's arrest under the floor mat of his vehicle.

We affirm Defendant's conviction for drug trafficking and remand Defendant's conviction on the firearm charge for reconsideration in light of Bailey. The mandate shall issue forthwith.

AFFIRMED and REMANDED.

                                    Entered for the Court

                                    Monroe G. McKay

7

Circuit Judge