# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 9, 2013

Lyle W. Cayce
Clerk

No. 11-50303
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN HENRY SPIVEY, JR.,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
No. 5:09-CR-558-4

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

John Spivey, Jr., appeals his jury conviction of attempted possession with intent to distribute cocaine. He contends that the district court erred in over-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ruling his relevance objection to the introduction of a note that was passed to his codefendant, Stanford Jones, who was in pretrial detention. Spivey maintains that the government failed to establish that he was the author of the note.

Evidentiary rulings are reviewed for abuse of discretion, subject to harmless-error review. *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted). An evidentiary "error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Lowery*, 135 F.3d 957, 959 (5th Cir. 1998) (internal quotation marks and citation omitted).

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence where the fact is of consequence in determining the action. FED. R. EVID. 401. A trial court is afforded "broad discretion" in determining relevancy. *United States v. Young*, 655 F.2d 624, 626 (5th Cir. Unit A Sept. 1981).

The government argues correctly that there was ample evidence from which the jury could find that Spivey was the author of the note and that the note was relevant to establish Spivey's knowledge of and intent to participate in the drug transaction. An adequate foundation for admission of the note was laid, because Jones testified that the note referred to matters that were known only by him and Spivey. Because the note pertained primarily to Spivey's displeasure that Jones had decided to testify against him, its admission would not have had a substantial influence on the verdict in light of the substantial evidence of guilt. *See Lowery*, 135 F.3d at 959. There was no abuse of discretion. *See Jackson*, 636 F.3d at 692.

Spivey contends that the district court plainly erred in permitting the government to comment about matters outside the record during its closing argument. Spivey contends that there was no evidence supporting the government's

statement that Spivey had disassembled a cell phone that was found in his vehicle after his arrest or that the phone belonged to him rather than Jones.

To show plain error, Spivey must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"A prosecutor is confined in closing argument to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence." *United States v. Vargas*, 580 F.3d 274, 278 (5th Cir. 2009). The government's statement that Spivey disassembled the phone involved a reasonable inference from the evidence. *See id.*

There is no error, plain or otherwise. The judgment is AFFIRMED.