# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2015

Lyle W. Cayce
Clerk

No. 14-51228
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO ORTEGA, also known as July Ortega,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-184-10

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Julio Ortega appeals from his conviction for conspiring to knowingly pass counterfeit United States currency with the intent to defraud. He argues that the district court abused its discretion when it permitted the Government to introduce the hearsay statement of non-testifying coconspirator Lorena Pacheco and when it denied his motion for mistrial based on the introduction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the same inadmissible hearsay evidence.  Ortega further asserts that the district court's error was not harmless.

Because Ortega's objection was sufficiently contemporaneous and precise, such that the district court had ample opportunity to correct any error that it may have made, the abuse of discretion standard of review is applicable. *See United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998); *United States v. Rodriguez*, 15 F.3d 408, 417 (5th Cir. 1994).  Additionally, because the district court recognized and considered Ortega's motion for mistrial, review is also under an abuse of discretion standard.  *See United States v. Millsaps*, 157 F.3d 989, 993 (5th Cir. 1998).

The challenged statement was not inadmissible hearsay and was properly admitted by the district court.  The statement of Lorena Pacheco, wife of cooperating coconspirator Benito Pacheco, was not offered for the truth of the matter asserted; it was not offered to show that Lorena Pacheco told Benito Pacheco to lie and protect the individuals involved in the counterfeit scheme. *See* FED. R. EVID. 801(c).  Rather, as the record reflects, the Government referenced the statement of Lorena Pacheco in an attempt to counter Ortega's insinuations that Benito Pacheco's trial testimony was a recent fabrication and a product of bias in an attempt to receive a lesser sentence for his guilty plea to misprision of a felony.  This use of Lorena Pacheco's statement by the Government is permissible.  Lorena Pacheco's statement was offered to provide information explaining the motive or bias, or lack thereof, for Benito Pacheco's trial testimony; this information is relevant and not considered hearsay or improper bolstering of a witness.  *See United States v. Ballis*, 28 F.3d 1399, 1405 (5th Cir. 1994); *United States v. Fusco*, 748 F.2d 996, 998 (5th Cir. 1984); *United States v. Arce,* 997 F.2d 1123, 1130 (5th Cir. 1993); *United States v. Hodnett*, 537 F.2d 828, 829 (5th Cir. 1976).  The reference to Lorena Pacheco's

statement is also permissible because Ortega attempted to impeach Benito Pacheco with his prior statements, which were inconsistent with his trial testimony. *See United States v. Cochran*, 499 F.2d 380, 388-89 (5th Cir. 1974); *United States v. Austin*, 774 F.2d 99, 102 (5th Cir. 1984). Lastly, Lorena Pacheco's statement did not implicate Ortega's guilt in the counterfeit scheme or in Ortega's charged offense. *See United States v. Evans*, 950 F.2d 187, 191 (5th Cir. 1991).

Accordingly, the district court did not abuse its discretion when it overruled Ortega's objection to the Government's admission of Lorena Pacheco's out-of-court statement or when it denied Ortega's motion for mistral based on the same admission of evidence.

AFFIRMED.